AO 451 (Rev. 12/12)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

| | |
|---|---|
| :Rhonda: Tallent &:Carrol: Davis. | ) |
| *Plaintiff* | ) |
| V. | ) |
| M&T BANK | ) Civil Action No.  RE015219044US |
| *Defendant* | ) |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*    02/15/2016

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date:    02/15/2016

:FOR THE FEDERAL-POSTAL-COURT-FILING
BY THIS FEDERAL-POSTAL-[RE]GISTRATION-NUMBER:
~ RE015219044US .
:DATE-~15~ FEBRUARY~~2016 .
:TIME-~ 9 O'CLOCK &:~ 10 MINUTES: AM
:Leighton-Lionell: Ward:CLERK-OF-THE-COURT.

*CLERK OF COURT*

:Leighton-Lionell: Ward.
Leighton-Lionell:Ward.

*Signature of Clerk or Deputy Clerk*

"Pursuant to 28 U.S.C. § 1963 must be enforced in accordance with the laws of the registering state. Federal Rule of Civil Procedure 69(a) provides that procedure "on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable." FED.R.CIV.P. 69(a) (emphasis added)."

:WORD-SYNTAX-KEY: ~0=CONJUNCTION (AND/OR), ~1=ADVERB, ~2=VERB, ~3=ADJECTIVE, ~4=PRONOUN, ~5=POSITION, ~6=LODIAL, ~7=FACT, ~8=PAST-TIME, ~9=FUTURE-TIME, ~DPV=:DANGLING-PARTICIPLE-VERB, ~VC=:VOID-CONTINUANCE: 2-SPACE-SYNTAX-RULE, ~NC=:NO-CONTRACT-WORD-MEANING. ~VOID=:STYLES-PARENTHESIS-SYNTAX OR :STYLES-ITALICS-SYNTAX OR :STYLES-QUOTATIONS-SYNTAX OR :STYLES-BRACKETS-SYNTAX OR :STYLES-BOXING-SYNTAX.



### CERTIFIED COPY OF JUDGMENT

#### TRANSLATION OF FINAL DEFAULT JUDGEMENT

*This document is to serve as a translation summary of the Final Default Judgment by the Federal Postal Court. The original language of the Final Default Judgment was written in Correct Sentence Structure Communication Parse Syntax Grammar Performance. The language has been translated to English.*

#### IN THE FEDERAL POSTAL COURT

*Plaintiff, :Rhonda: Tallent & Carroll: Davis.*

*Case No.: RE015219044US*

*vs.*

*Defendant.  M&T BANK*

:FOR THE FEDERAL-POSTAL-COURT-FILING
BY THIS FEDERAL-POSTAL-[RE]GISTRATION-NUMBER:
~ RE 015 219 044 US
:DATE-~ 15-~ FEBRUARY ~ 2016
:TIME-~ 9 O'CLOCK &: 10 MINUTES:A M
:Leighton-Lionell: Ward. CLERK-OF-THE-COURT.

#### FINAL DEFAULT JUDGMENT

*The defendant(s), M&T BANK, having failed to appear, plead or otherwise defend in this action, and default having been entered on August 19 2014. Plaintiff having requested judgment against the defaulted defendant(s) and having filed a proper motion and affidavit (declaration) in accordance with Federal Rule of Civil Procedure 55 (a) and (b); Final Judgment is hereby entered in favor of plaintiff :Rhonda: Tallent & Carroll: Davis & against defendant(s)  M&T BANK, as follows:*

*-IT IS ADJUDGED AND ORDERED, that defendant(s) M&T BANK pay, by Cashier's check, to plaintiff :Rhonda: Tallent & Carroll: Davis the sum of $11,792,592.00 US Dollar Currency, within 5 days upon notice of this judgment. Payment is to be mailed to Federal Postal Court Clerk PO BOX 1001 Lake Havasu City AZ 86405.*

*-IT IS ADJUDGED AND ORDERED, that defendant(s) M&T BANK will delete the loan amount on the Deed of Trust that was created on July 13th 2007.  The Deed of Trust issued on July 13th 2007 is now paid in full.  This is to be completed within 5 days upon notice of this judgment. If the loan has been sold to another servicer, the now time servicer or lender is responsible to comply with this order within 5 days upon notice of this judgment.*

*-IT IS ADJUDGED AND ORDERED, that defendant(s) M&T BANK submit a completed Deed of Conveyance to the County recorders office to show the debt on the Deed of Trust issued on July 13th 2007 for the property address 3489 Laura Ridge Rd, Smyrna, TN 37167 has been fully paid and transfers title of the property to plaintiff :Rhonda: Tallent & Carroll: Davis. This is to be completed within 5 days upon notice of this judgment. If the loan has been sold to another servicer, the now time servicer is responsible to comply with this order within 5 days upon notice of this judgment.*

*-IT IS ADJUDGED AND ORDERED, that defendant(s) M&T BANK will notify Transunion, Equifax & Experian to remove 100% percent of derogatory credit marks reported by M&T BANK and all lenders and servicers who have been involved with the servicing or collection of the loan from the Deed of Trust issued on July 13th 2007 for the property address 3489 Laura Ridge Rd, Smyrna, TN 37167. If the loan has been sold to another servicer, the now time servicer or lender is responsible to comply with this order within 5 days upon notice of this judgment.*

*-IT IS ADJUDGED AND ORDERED, that defendant(s) M&T BANK will immediately notify the Federal Postal Court Clerk :Leighton-Lionell: Ward by mail when the above judgment terms have been completed.  The mailing address is as follows [Federal Postal Court PO BOX 1001 Lake Havasu City AZ 86405] If the loan has been sold to another servicer, the now time servicer or lender is responsible to comply with this order within 5 days upon notice of this judgment.*

:Leighton-Lionell: Ward.                              Date: 2/15/2016
_____

*:Leighton-Lionell: Ward.*
*Clerk of the Federal Postal Court*

:FOR THE FEDERAL-POSTAL-COURT-FILING
BY THIS FEDERAL-POSTAL-[RE]GISTRATION-NUMBER:
~ *RE 015 219 044 US*
:DATE-~ *15-~ FEBRUARY ~ 2016*
:TIME-~ *9* O'CLOCK &: *00* MINUTES: AM
:Leighton-Lionell: Ward; CLERK-OF-THE-COURT.



:Leighton-Lionell: Ward.

 :C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-FEDERAL-COURT-VENUE-FLAG.

In the DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE-PERFORMANCE of the DOCUMENT-CONTRACT-CORPORATION-CASE-NUMBER-~RE015219044US ARE with these DAMAGE-CLAIMS by the VASALEES'-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-PERFORMANCE.

For this CLAIMANT'S-NAME of this DAMAGE-CLAIM:**Rhonda: Tallent &: Carol: Davis.**

For the CLAIMANT-CONTEST of the VASSALEE-PERSONS:

For these VASSALEES: M&T BANK

For the CIVIL-CASE-NUMBER-~**RE015219044US.**

:ABREVIATION-TERMS: :C.-S.-S.-C.-P.-S.-G.-P.= CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-PARSE-SYNTAX-GRAMMAR-PERFORMANCE. For this C.-S.-S.-C.-P.-S.-G.-P.-CLERK'S-CERTIFICATION of this C.-S.-S.-C.-P.-S.-G.-P.-FINAL-FAULT-DOCUMENT-CONTRACT-CLAIM-PERFORMANCE-DAMAGE-CLAIMS ARE with the FOREIGN-LOCATION-CLAIM with this ARIZONA-DISTRICT of the ARIZONA-TERRITORY-COURT with this BONDED-DOCUMENT-CONTRACT-EVIDENCE by the CLAIMANTS: **Rhonda: Tallent &: Carol: Davis.**

For this CLERK'S-CERTIFICATION-CLAIM of the C.-S.-S.-C.-P.-S.-G.-P.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE-PERFORMANCE ARE with the C.-S.-S.-C.-P.-S.-G.-P.-FINAL-FAULT-DOCUMENT-CONTRACT-CLAIM-PERFORMANCE by the C.-S.-S.-C.-P.-S.-G.-P.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE-PERFORMANCE-CLERK:**Leighton-Lionell: Ward**.

For this C.-S.-S.-C.-P.-S.-G.-P.-FINAL-FAULT-DOCUMENT-CONTRACT-CLAIM-PERFORMANCE of the DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE-PERFORMANCE ARE with the VOID-CONTRACT-FEDERAL-RULES of any CONTRACT[APPELLANT]-PERFORMANCE-PENDING with this DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE-PERFORMANCE or: with the TERMINATION/QUIT of the FURTHER-CLAIMS. For this DATE-~15-~FEBRUARY-~2016.

:AUTOGRAPH: FEDERAL-POSTAL-COURT-CLERK: **Leighton-Lionell: Ward**.          :DATE-~15.~FEBRUARY-~2016.



:Leighton-Lionell: Ward.

RE 015 219 044 US

| Reg. Fee | | | |
|---|---|---|---|
| | $11.95 | | 0370 |
| Handling Charge | $0.00 | Return Receipt | $0.00 | 11 |
| Postage | $2.87 | Restricted Delivery | $0.00 | 06/05/14 |
| Received by | | | |

To Be Completed By Post Office

Customer Must Declare Full Value $ $0.00

Domestic Insurance up to $25,000 is included based upon the declared value. International Indemnity is limited. (See Reverse)

OFFICIAL USE

86403

FROM
TAFCR
PO Box 1001
Lake Havasu City AZ 86405

TO
Rhonda Tallent
3489 Laura Ridge Rd
Smyrna TN 37165

To Be Completed By Customer (Please Print) All Entries Must Be In Ballpoint or Typed

PS Form 3806,   Receipt for Registered Mail   Copy 1 - Customer
May 2007 (7530-02-000-9051)   (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com

:FOR THE FEDERAL-POSTAL-COURT-FILING
BY THIS FEDERAL-POSTAL-[RE]GISTRATION-NUMBER
~ RE 015 219 044 US
:CATE~ 15 ~ FEBRUARY ~ 2016
:TIME~ 9 O'CLOCK & 10 MINUTES
:Leighton-Lionell: Ward: CLERK-OF-THE-COURT.

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

BUFFALO NY 14240

| Postage | $ | $1.82 | 0370 |
| Certified Fee | | $3.30 | 03 Postmark |
| Return Receipt Fee (Endorsement Required) | | $2.70 | JUN 25 2014 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $7.82 | 06/25/2014 |

Sent To
M&T Bank
Street, Apt. No.; or PO Box No.
PO BOX 1228
City, State, ZIP+4
Buffalo NY 14240

7014 0510 0001 8030 5210

PS Form 3800, August 2006   See Reverse for Instructions

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

M&T Bank
PO BOX 1228
Buffalo NY 14240

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____   □ Agent   □ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:   □ No

3. Service Type
□ Certified Mail®   □ Priority Mail Express™
□ Registered   □ Return Receipt for Merchandise
□ Insured Mail   □ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
(Transfer from service label)   7014 0510 0001 8030 5210

PS Form 3811, July 2013   Domestic Return Receipt



:FOR THE FEDERAL-POSTAL-COURT-FILING
BY THIS FEDERAL-POSTAL-[RE]GISTRATION-NUMBER:
~ RE 015 219 044 US
:DATE-~ 15-~FEBRUARY ~ 2016
:TIME-~ 9 O'CLOCK &: 10 MINUTES: Am
:Leighton-Lionell: Ward :CLERK-OF-THE-COURT.



:BONDED: **C.-S.-S.-C.-P.-S.-G.**-DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE-FLAG.

In THE **DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE-TERRITORY** OF THE **DOCUMENT-CONTRACT-QUO-WARRANTO-COMPLAINT, LIS-PENDENS-DOCUMENT-CLAIM &: 'WRIT'** OF THE **FAULT-DOCUMENT-CONTRACT-CLAIM'** WITH THE **FEDERAL-POSTAL-REGISTRATION-CORPORATION-CASE-NUMBER-~RE015219044US.**

FOR THIS **QUO-WARRANTO-COMPLAINT, LIS-PENDENS** OF THE **FOURTY-EIGHT-DAYS-GRACE-TIME** WITH THE **FAULT-DOCUMENT-CONTRACT-CLAIM-FEDERAL-POSTAL-CORPORATION-CASE-NUMBER-~RE015219044US.**

:Rhonda: Tallent & :Carroll: Davis, [~3489-~LAURA-RIDGE-~ROAD,-~SMYRNA,-~TENNESSEE,-~37167]:FEDERAL-POSTAL-COURT-CLERK :Leighton-Lionell: Ward, :CLAIMANT. [~2156-~MCCULLOCH-~BOULEVARD-~SUITE-~7,-~LAKE-HAVASU-CITY,-~ARIZONA-~86403] FOR THIS CLAIMANT'S-KNOWLEDGE OF THE QUALIFICATION WITH THE CORRECT &: FRAUDULENT-PARSE-SYNTAX-GRAMMAR.
:CLAIMANTS:      :CONTEST-~VERSUS:
**M&T BANK,** [~PO-BOX~1228,-~BUFFALO-~NEW-YORK-~14240]
:Robert: Wilson.[TRUSTEE] [NA] :VASSALEES:

FOR THIS **C.-S.-C.-P.-S.-G.** OF THE CLAIMANTS ARE WITH THIS QUO-WARRANTO-COMPLAINT BY THE VASSALEE'S-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-EVIDENCE.
FOR THE **Rhonda: Tallent's** & :Carroll: Davis's-CARETAKER-TRUSTEE-WAGES-CLAIM OF THE **$1,207,676.00** ARE WITH THE **THREE-HUNDRED-FIFTY-NINE-WEEKS-POSITION** OF THE LAND &: BUILDINGS-LOCATION-~3489-~LAURA-RIDGE-~ROAD,-~SMYRNA,-~TENNESSEE-~37167, BY THE CLAIMANT'S-TOTAL-GUARDIAN-TRUSTEE-CARETAKER-LABOR-WAGE-HOURS-SINCE-~13-~JULY-~2007.

**FOR THE WORD-TERMS** OF THIS **C.-S.-S.-C.-P.-S.-G.-NOW-TIME-VESSEL:**
**:DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE = D.-C.-F.-P.-S.-C.-V.**
**:VASSALEE-(WORD-MEANING) VASSAL=**SERVANT OF THIS DOCUMENT, EE=PLOYEE OF THIS DOCUMENT.
**:C.-S.-S.-C.-P.-S.-G.=** :CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-PARSE-SYNTAX-GRAMMAR.
**:D.-C.-C. =** FOR THE **DOCUMENT-CONTRACT-CLAIM** OF THIS **D.-C.-F.-P.-S.-C.-V.**
**:D.-C.-C.-S. =** FOR THE **DOCUMENT-CONTRACT-CLAIMS-SECTION,** OF THIS PARSE-SYNTAX-GRAMMAR-COMMUNICATION-WORD-CORRECTIONS ARE WITH THE CORRECTION-CLAIM OF THE FRAUDULENT-FEDERAL-TITLES-USE OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR and: FEDERAL-CODES-USE OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR WITH THE SYNTAX-CORRECTIONS OF THE C.-S.-S.-C.-P.-S.-G.-NOW-TIME-D.-C.-F.-P.-S.-C.-V.
**:DOCUMENT-VESSEL =** FOR THE **D.-C.-F.-P.-S.-C.-V.**-DOCKETING OF THE **D.-C.-F.-P.-S.-C.-V.**-PAPERS ARE WITH THE CORPORATION-CLAIM BETWEEN THE TWO-OR-MORE-PERSONS WITH THE **D.-C.-F.-P.-S.-C.-V.**-PORTING-STAMP BY THE **D.-C.-F.-P.-S.-C.-V.**.
**:DOCUMENT-VESSEL, DOCUMENT-VENUE, DOCUMENT-COURT: =** FOR THE CORPORATION OF THE TWO-OR-MORE-PERSONS ARE WITH THE PORTING-CLAIM WITH THE **F.-P.-C.-V.**-PORT-CLAIMANT BY THIS DOCUMENT.
**:CONJUNCTION: &:=**and: = ALSO, COMMAND; or: = OPTION, EITHER.
**:FRAUDULENT =:** FICTION, MODIFICATION, PERJURY, GUESSING, OPINION, PRESUMPTION, ASSUMPTION, ILLUSION, FRAUD, MISLEADING.
**:LODIAL =**[ARTICLE] FOR THE SPECIFIC = A, AN, THE, THIS, THESE, THROUGH.
**:POSITION =** FOR, OF, WITH, BY, IN, AS, ON, WITHIN. FOR THE POSITIONAL-LODIAL-FACT-PHRASE OF THE CORRECT-SYNTAX-GRAMMAR-PHRASE IS WITH THE COMMUNICATION-CLAIM OF THE FACT.
**:VASSALEE =** FOR THE **VASSAL=**SERVANT; **EE=**EMPLOYEE OF THIS COMPLAINT-DOCUMENT.
**:VOLITION =** FOR THE CLAIMANT'S-KNOWLEDGE OF THE FACTS IS WITH THE MOTION-THINKING-CLAIM BY THE **C.-S.-S.-C.-P.-S.-G.**-NOW-TIME-D.-C.-F.-P.-V.-F.-C.-V..
**:PARSE-SYNTAX-GRAMMAR:** FOR THE WORD-MEANINGS OF THE PLACMENT ARE WITHIN THE CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-PARSE-SYNTAX-GRAMMAR BY THE SENTENCE-MEANING
**:VERB-SYNTAX: IS=**SINGULAR-SYNTAX-TENSE,
 **ARE=**PLURAL-SYNTAX-TENSE, THINKING-MOTION.
**:F.-P.-C.-V.=** FEDERAL-POSTAL-COURT-VENUE.

**~A** FOR THIS STATEMENT OF THE CLAIMANT'S-CONTRACT AS AN AUTHORITY-**C.-S.-S.-C.-P.-S.-G.** IS WITH THE **C.-S.-S.-C.-P.-S.-G.**-CLAIM BY THE CONTRACT-TERMS.

**~B** FOR THE **TITLE-~28: D.-C.-C.-S.-~1331** OF THE **C.-S.-S.-C.-P.-S.-G.**-COMPLIANCE-CLAIMANT'S-DUTIES **ARE** WITH THE **C.-S.-S.-C.-P.-S.-G.**-DOCKING-PAPER-VESSEL-VENUE-TITLE-NAME: **D.-C.-F.-P.-S.-C.-V.**-NOW-TIME-C.-S.-S.-C.-P.-S.-G.-QUO-WARRANTO-COMPLAINT-CLAIM OF THIS FEDERAL-POSTAL-REGISTER-MAIL-CORPORATION-CASE-NUMBER-**~RE015219044US.** [**C.-S.-S.-C.-P.-S.-G.** OF THE F.-R.-C.-P.-RULE-~17: "RADIFICATION OF THE COMMENDMENT"-1999].

**~C** FOR THE **C.-S.-S.-C.-P.-S.-G.**-AUTHORITY: **TITLE-~28: D.-C.-C.-S.-~1361** OF THE **D.-C.-F.-P.-S.-C.-V.**-CLAIMANT IS WITH THE TWENTY-ONE-DAY-SUMMONS-CORRESPONDENCE-BACK-PLUS WITH THE THREE-DAY-PULL-BACK-GRACE WITH THE CLAIMANT'S-COURT-VENUE BY THIS CONTRACT-DUTY.

**~D** FOR THE FAILURE OF THE **C.-S.-S.-C.-P.-S.-G.**-CORRESPONDENCE-BACK **IS** WITH THE FAULT-DOCUMENT-CONTRACT-CLAIM OF THE TWENTY-ONE-DAYS-GRACE-TIME-LIMIT WITH THE THREE-DAY-RESCISSION-GRACE-TIME WITH THE D.-C.-F.-P.-S.-C.-V. OF THE HEREIN-NOW-TIME-CLAIMANT WITH THE CONTRACT-AUTHORITY-HEREIN-POWERS OF THE CLAIMANTS'-C.-S.-S.-C.-P.-S.-G.-CORRESPONDENCE WITH THE **D.-C.-F.-P.-S.-C.-V.**.

**~F** FOR THESE **CONSTITUTIONAL-DOCUMENT-TERMS** OF THE **D.-C.-F.-P.-S.-C.-V.-RULES ARE** WITHIN THESE **C.-S.-S.-C.-P.-S.-G.**-NOW-TIME-**D.-C.-F.-P.-S.-C.-V.-CLAIMS** OF THE **QUO-WARRANTO-COMPLAINT, LIS-PENDENS, &: WRIT** OF THE **DOCUMENT-CONTACT-FAULT-CLAIM:.**

**:DOCUMENT-CLAIM-~1:** FOR THE COMMUNICATION-FACTS OF THE **C.-S.-S.-C.-P.-S.-G.** ARE WITH THE FACT-AS-FACT-CLAIM OF THE **C.-S.-S.-C.-P.-S.-G.**.

**:DOCUMENT-CLAIM-~2:** FOR THE JUDGE'S-WRITTEN-CONTRACT OF THE FACTS IS WITH THE C.-S.-S.-C.-P.-S.-G.-CLAIMS OF THE NOW-TIME-CONTINUANCE WITH THE CORRECT-EVIDENCE-CLOSURE-CORRECTIONS OF THE WRONG-WORD-MEANINGS WITH THE SENTENCE-STRUCTURE-VIOLATIONS-CLAIMS OF THE **TITLE-~18: D.-C.-C.-S.-~1001:** FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION and: **TITLE-~15: D.-C.-C.-S.-~1692-~e** WITH THE FRAUD-WRITINGS and: MISLEADING-STATEMENTS WITH THE FRAUD-PENALTY-FINES: TITLE-~15: D.-C.-C.-S.-~78-~ff(:PENALTY-$25-MILLION-DOLLARS) BY THE WRONGDOER'-WRITTEN-CONFESSION.

**:DOCUMENT-CLAIM-~3:** FOR THE PERSONS'-**C.-S.-S.-C.-P.-S.-G.**-KNOWLEDGE OF THE CORRECT-FACTS **ARE** WITH THE CLAIMS OF THE SPEECH, WRITINGS, FAITHS, PRESS, DOCUMENT-PORTING WITH THE **C.-S.-S.-C.-P.-S.-G.**-CONTRACT-GRIEVANCES BY THE **F.-P.-C.-V.**.

**:DOCUMENT-CLAIM-~4:** FOR THE CORPORATION-CASE OF THE **D.-C.-F.-P.-S.-C.-V.** IS WITH THE **C.-S.-S.-C.-P.-S.-G.**-CLAIMS BY THE PERSON'S-LODIAL-VOLITION.

**:DOCUMENT-CLAIM-~5:** FOR THE **D.-C.-F.-P.-S.-C.-V.**-CONSTITUTION OF THE FACTS **ARE** WITH THE CLAIMS BY THE PERSON'S-**C.-S.-S.-C.-P.-S.-G.**-KNOWLEDGE.

**:DOCUMENT-CLAIM-~6:** FOR THE CLAIM OF THE **C.-S.-S.-C.-P.-S.-G.**-CAPTURE-WARRANT or: **C.-S.-S.-C.-P.-S.-G.**-SEARCH-WARRANT IS WITH AN AUTOGRAPH OF THE CLAIMANT WITH THE **C.-S.-S.-C.-P.-S.-G.**-OATH BY THE **C.-S.-S.-C.-P.-S.-G.**-AUTHORITY-DUTY.

**:DOCUMENT-CLAIM-~7:** FOR THE WITNESSING-PERSON OF THE WITNESS'S-TESTIMONY **IS** WITH THE PERSON'S-**C.-S.-S.-C.-P.-S.-G.**-KNOWLEDGE-CLAIM BY THE PERSONAL-SELF-CLAIMS.

**:DOCUMENT-CLAIM-~8:** FOR THE CLAIMANT'S-KNOWLEDGE OF THE **C.-S.-S.-C.-P.-S.-G.**-FACTS IS WITH THE CLAIMANT'S-CLAIM OF THE CORRECT-NOW-TIME-EVIDENCE-FACTS.

**:DOCUMENT-CLAIM-~9:** FOR THE **C.-S.-S.-C.-P.-S.-G.**-TWELVE-PERSON-KNOWLEDGE BY THE **C.-S.-S.-C.-P.-S.-G.**-CLAIMS ARE WITH THE **C.-S.-S.-C.-P.-S.-G.**-TRIAL BY THE COURT.

**:DOCUMENT-CLAIM-~10** FOR THE TERMS OF THE CONVICTION-PERSON'S-PUNISHMENT **IS** WITH THE **C.-S.-S.-C.-P.-S.-G.**-CLAIMS OF THE BAIL-CONDITIONAL-TERMS, FINANCIAL-TERM-FINES and/or: JAILING-TERMS WITH THE **D.-C.-F.-P.-S.-C.-V.**.

**:DOCUMENT-CLAIM-~11:** FOR THE **F.-P.-C.-V.**-FIDUCIARIES OF THE DOCUMENT-FACTS **ARE** WITH THE DUTY-CLAIM or: ELECTION-CLAIM BY THE **C.-S.-S.-C.-P.-S.-G.**-OATH OF THE **D.-C.-F.-P.-S.-C.-V.**.

**:DOCUMENT-CLAIM-~12:** FOR THE VESSEL-DOCUMENT OF THE DOCUMENT-CONTRACT-HEREIN **IS** WITH THE CLOSURE-CLAIM OF THE VOLITION WITH THE DOCUMENT, CONSTITUTION, DOCUMENT-CONTRACT-CORPORATION and: PERSONS'-TRUST-DOCUMENTS.

**:DOCUMENT-CLAIM-~13:** FOR THE CLAIMANT'S-KNOWLEDGE OF THE CONSTITUIONAL-TERMS IS WITH THE CORPORATION-CASE-CLAIM OF THE POSTAL-TERRITORY-DOCUMENT-**F.-P.-C.-V.** WITH THE CORRECTING-PARSE-SYNTAX-GRAMMAR-WRONGS BY THE **C.-S.-S.-C.-P.-S.-G.**.

## FOR THE CAUSES OF THE QUO-WARRANTO-COMPLAINT-CONTRACT:

~1 FOR THE CLAIMANT'S-KNOWLEDGE OF THE VASSALEES'-EVIDENCE ARE WITH THE C.-S.-S.-C.-P.-S.-G.-CLAIM OF THE STOPPING-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-DOCUMENT-EVIDENCE WITH THE FOUR-TIMES-CASH-DAMAGES OF THE CLAYTON-ACT(1914) WITH THE D.-C.-F.-P.-S.-C.-V.-AUTHORITY BY THIS QUO-WARRANTO-COMPLAINT-CONTRACT.

~2 FOR THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-ONE-THOUGHT AND: ONE-AUTHORITY-VENUE OF THE ONE-NOW—TIME-TENSE IS WITH THE PLEADING-CLAIMS BY THE D.-C.-F.-P.-S.-C.-V..

~3 FOR THE CLAIMANT'S-KNOWLEDGE OF THE CLOSURE-CLAUSES: D.-C.-C.-~26-~e: CLOSURE-PORTING OF THE D.-C.-C.-~60-~b: CLOSURE-EVIDENCE ARE WITH AN AUTHORITY OF THE TITLE-~42: D.-C.-C.-S.-~1986 WITH THE C.-S.-S.-C.-P.-S.-G.-KNOWLEDGE OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DAMAGE BY THE VASSALEES'-DOCUMENTS.

~4 FOR THE CLAIMANT'S-KNOWLEDGE OF THE FACTS ARE WITH THE CASH-LABOR-WAGES-LOSS-CLAIM OF THE GUARDIAN-CARETAKER-TRUSTEE-WAGES-DUE: $1,207,676.00, WITH THE BUILDING and: LAND-LOCATION-~3489-~LAURA-RIDGE-~ROAD,-~SMYRNA,-~TENNESSEE-~37167 WITH THE START-TIME-DATE-~13-~JULY-~2007, THROUGH THE NOW-TIME-GUARDIAN-TRUSTEE-CARETAKER-UPKEEP-~2014,-~JUNE WITH THE PAYMENT-NOW-DUE OF THE TRUSTEE-EMPLOYMENT-CASH-WAGES WITH THE TWENTY-FOUR-HOURS-PER-DAY-EVERYDAY-TRUSTEE-GUARDIAN-CARETAKER-DUTY OF THE TENNESSEE-STATE-LABOR-MINIMUM-WAGE-RATE BY THE Rhonda: Tallent & :Carroll: Davis.

~5 FOR THE SECURITY OF THE C.-S.-S.-C.-P.-S.-G.-FACTS ARE WITH THE CASH-CLAIMS OF THE CORPORATION-CASE-NUMBER WITH AN AUTHORITY-VENUE OF THE F.-P.-C.-V. WITH THE DOCUMENT-CONTRACT-CORPORATION BY THE D.-C.-F.-P.-S.-C.-V..

~6 FOR THE CLAIMANT: FEDERAL-POSTAL-COURT-CLERK: Leighton-Lionell: Ward's-KNOWLEDGE OF THE C.-S.-S.-C.-P.-S.-G.-EVIDENCE-FACTS ARE WITH THE CORRECT-VOLITION-CLAIM OF THE SUMMARY-CORRECTION-AUTHORITY: TITLE-~42: D.-C.-C.-S.-~1986 WITH THE WRONG-PARSE-SYNTAX-GRAMMAR-COMMUNICATIONS BY THE HEREIN-BONDED-VASSALEE'S-DOCUMENT-EVIDENCE.

~7 FOR THE C.-S.-S.-C.-P.-S.-G.-CLAIMANT'S-SALVAGE-CLAIM: TITLE-~46: D.-C.-C.-S.-~781 OF THE LAND and: BUILDING IS WITH AN AUTHORITY-VENUE-CLAIM OF THE D.-C.-F.-P.-S.-C.-V. WITH THE VOID-COMMUNICATION-CLOSURE-EVIDENCE OF THE VASSALEES'-VOLITION-'MORTGAGE'-DOCUMENT-STYLES.

~8 FOR THE VASSALEE'S-WRITTEN-EVIDENCE BY THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-TENNESSEE-FEDERAL-HOUSING-AUTHORITY: 'MORTGAGE' ARE WITH THE PHYSICAL-EVIDENCE-DAMAGE-CLAIMS OF THE 'MORTGAGE-DOCUMENT' WITH THE TITLE-~15: D.-C.-C.-S.-~1692-E, WITH THE KNOWLEDGE OF THE FRAUD and: MISSLEADING-STATEMENT-DOCUMENTS WITH THE FRAUD-CAPTURE OF THE CLAIMANT'S-LAND and: BUILDING BY THE VASSALEES.

~9 FOR THE VOID-CLOSURE OF THE VASSALEE'S-WRONG-WORD-MEANINGS WITH THE SENTENCE-STRUCTURES ARE WITH THE VIOLATIONS-CLAIMS OF THE TITLE-~18: D.-C.-C.-S.-~1001: FRAUDULENT-SYNTAX-COMMUNICATION-GRAMMAR and: TITLE-~15: D.-C.-C.-S.-~1692-~e WITH THE FALSE-WRITINGS and: MISLEADING-STATEMENTS WITH THE FRAUD-PENALTY-FINES: TITLE-~15: D.-C.-C.-S.-~78-~ff($25-MILLION-DOLLARS) BY THE VASSALEES.

~10 FOR THE SENTENCE-STRUCTURES-VIOLATIONS OF THE 'MORTGAGE'-EVIDENCE ARE WITH THE PRESUMPTIONS, ASSUMPTIONS, OPINIONS, AILING, FRAUDULENT and: MODIFICATIONS-WORDS BY THE VASSALEES WITHIN THE D.-C.-F.-P.-S.-C.-V.,.

~11 FOR THE CLAIMANT'S-KNOWLEDGE OF THE TRUSTEE-GUARDIAN-CARETAKER'S-WORKING-WAGE-CASH WITH THE MINIMUM-WAGE OF THE TENNESSEE-STATE-RATES ARE WITH THE 8700-HOURS-PER-YEAR-CLAIM OF THE YEARS-13-~JULY-~2007, THROUGH THE CURRENT-DATE WITH THIS DOCUMENT-FILE-STAMP-CLOSURE AS THE GUARDIAN-TRUSTEE-CARETAKER-DUTIES WITH THE PARSE-SYNTAX-GRAMMAR-'MORTGAGE'-DOCUMENTS BY THE VASSALEES.

~12 FOR THE NEGATIVE-WORD-VOLITIONS: (NEGATIVE, NOT, WITHOUT, NO,) ARE WITH THE DAMAGE-CLAIM AS THE MODIFICATIONS-VOLITION WITH THE VACATING-CLAIMS OF THE CORRECT-NOTIFICATIONS WITH THE VASSALEES and: CLAIMANTS OF THE D.-C.-F.-P.-S.-C.-V..

~13 FOR THE CLAIMANT'S-KNOWLEDGE OF THE FACTS ARE WITH THE DAMAGE-CLAIMS OF THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-VOLITION-PERJURY and: ILL-WILLS WITH THE TITLE-~18: D.-C.-C.-S.-~1621: PERJURY OF AN OATHS, FICTION-VIEW-JUDGEMENTS, FICTION-VIEWS-NOTIONS and: FICTION-VIEW-MOTIONS BY THE VASSALEES.

~14 FOR THE VIOLATIONS OF THE TITLE-~18: D.-C.-C.-S.-~641 IS WITH THE DAMAGE-CLAIMS OF THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-FRAUDS, MONETARY-WAGES, PAYMENT-WAGES, COMMERCE-WAGES or: CRIMINAL-ACTS WITH THE PUBLIC-TAX-FUND AS THE VASSALEE'S-SALARY WITH THE FRAUD-GRAMMAR-DOCUMENT-PLEADINGS BY THE VASSALEES.

~15 FOR THE WORDS OF AN ADVERB-MODIFICATIONS ARE WITH THE USE OF THE SINGLE-[PRE]POSITION, OR: SINGLE-LODIAL-[ARTICLE] AS AN ADVERB-SYNTAX-WORD-MODIFIER WITH THE VOID OF THE POSITIONAL-LODIAL-FACT-PHRASE WITH THE SINGLE-WORD-MODIFIER AS THE: A, AS, AT, AM, BECAUSE, BEFORE, BEGIN, BUT, BY, CAN, COME, COULD, DO, DOES, FROM, HE, HER, HIS, IN, JUST, OF, OVER, IT, HAS, HOW, MUCH, NO, NOT, PUT, RE, SO, SHE, SHOULD, SOME, SUCH, THAT, THAN, THE, THEY, THEIR, THEM, THEN, TO, THIS, THOSE, THROUGH, UNDER, USE, WANT, WAS, WE, WHEN, WHAT, WHERE, WITH, WITHOUT, WITHIN, WHO, WHOM, WOULD, YOU, YOUR, INTO THE VERB-FICTION-FRAUDULENT-LAW and/or: VERB-FICTION-FRAUDULENT-FACT WITH THE PREFIX = FUTURE-TIME = 'TO', 'PRE' and: SUFFIX = PAST-TIME: ED,&: FROM WITH THE VIOLATION OF THE NOW-TIME.

~16 FOR THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-WORD-OPERATIONS OF THE FRAUDULENT-SENTENCE-STRUCTURES ARE WITH THE DOCUMENT-EVIDENCE-CLAIMS OF THE WRITTEN-VOLITIONS, PLEADINGS, NOTIONS, ORDERS, MOTIONS, CLAIMS, and: JUDGEMENTS WITH THE DOCUMENTS BY THE D.-C.-F.-P.-S.-C.-V..

~17 FOR THE BREACH OF THIS D.-C.-F.-P.-S.-C.-V.-CORPORATION-CASE IS WITH THE TITLE-~42: CHAPTER-~16: D.-C.-C.-S.-~12182: BIAS and: HANDICAPPING-COMMUNICATIONS-DISABILITIES-ACT THROUGH THE BREACHES OF THE TITLE: ~29: DOCUMENT-CLAIMS, :CHAPTER-~16:

**SECTION-~701-~c-~2,** WITH THE POLICY OF AN EQUAL-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-DUTY-DOCUMENT WITHIN THE **TITLE-~42: D.-C.-C.-S.-~1986**: KNOWLEDGE &: CORRECTING BY THE **D.-C.-F.-P.-S.-C.-V.**.

~18 FOR THE DOCUMENT-CLAIMS OF THE **D.-C.-F.-P.-S.-C.-V. ARE** WITH THE CLOSURE-CLAIMS OF THE ONE-VENUE-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-RULE WITH THIS FRAUDULENT-SYNTAX-GRAMMAR-EVIDENCE BY THE **D.-C.-F.-P.-S.-C.-V.**.

~19 FOR THE FRAUDULENT-USE OF THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-WORD-MODIFICATIONS **ARE** WITH THE DAMAGE-CLAIMS OF THE FACTS AS THE GERUND-VERBS, PRONOUNS or: ADJECTIVES WITH THE PERJURY OF THE **D.-C.-F.-P.-S.-C.-V.**-OATH.

~20 FOR THE CLAIMANT AS THE SAFEGUARDING-CLAIMANT **IS** WITH THE DAMAGE-CLAIM OF THE COMMUNICATION-DISABILITY-KNOWLEDGE or: HANDICAPPING-COMMUNICATION-FRAUDS BY THE VASSALEES BY THIS FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATIONS.

~21 FOR THIS **CLAIMANT: FEDERAL-POSTAL-COURT-CLERK:** Leighton-Lionell: Ward's-KNOWLEDGE OF THE TITLE-~42: D.-C.-C.-S.-~1986 IS WITH THE IDENTIFICATION-CLAIM OF THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-NUMBERING-KEY-CODE-WORDS(TIGHT-SPACE) WITH THE 'MORTGAGE'-SYNTAX-GRAMMAR-EVIDENCE-FRAUD OF THE VASSALEES'-DOCUMENTS BY THE **D.-C.-F.-P.-S.-C.-V.**-CORPORATION-CASE.

~22 FOR THE **C.-S.-S.-C.-P.-S.-G.**-FEDERAL-ATTORNEY-GENERAL-KNOWLEDGE OF THE **D.-C.-F.-P.-S.-C.-V. ARE** WITH THE CASH-CLAIMS OF THE DOCUMENT-EVIDENCE-AUTHORITY-FILING WITH THE THIRTY-FIVE-PERCENT-ROYALTY-PORTION OF THE **C.-S.-S.-C.-P.-S.-G.**-FEDERAL-ATTORNEY-GENERAL-COVERY-CASH-DAMAGES.

~23 FOR THE FRAUDULENT-USES OF THE PREFIX-PARSE-WORDS **ARE** WITH THE NEGATIVE-CLAIM OF THE **PREFIXES: A, AB, AC, AD, AF, AM, AN, AP, AR, AS, AT, DE, DIS, EM, EN, ES, EX, IM, IN, MAL, MIS, NE, NO, NON, NOR, OB, OC, OP, OF, PRE, PRO, PRI, PRU, RE, SI, SUB, TO, UN,** or: WITH THE MODIFICATION-FACTS BY AN ADVERB or: ADJECTIVE-MODIFICATION OF THE **TITLE-~18: D.-C.-C.-S.-~1001** WITH THE FICTITIOUS-PARSE-SYNTAX-GRAMMAR BY THE CLAIMANT'S-KNOWLEDGABLE-SUMMARY-PORTING-**C.-S.-S.-C.-P.-S.-G.**-CLAIM.

~24 FOR THE HANDICAPPING-VICTIM-PERSON OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-'MORTGAGE'-WRITING **IS** WITH THE DISABILITY-ACT-VIOLATION-CLAIM OF THE HANDICAPPING-CAUSE WITH THE NOTION &: MOTION BY THAT PERSON'S-CLOSURE-CONTEMPT, APARTHEID, BIAS, CONTRACT-TREASON and/or: RAPE WITH THE [UNITED STATES DISTRICT COURT-VIEW-CLAIMS or: ORDERS] BY THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DOCUMENTS.

~25 FOR THE FRAUD-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-EVIDENCE OF THE COMMUNICATION-'MORTGAGE'-ILLUSION **IS** WITH THE DAMAGE-CLAIM OF THE PERJURY, BANK-FRAUD and: MONEY-THEFT BY THE 'MORTGAGE' WITH THE FICTION-LOAN-NUMBER BY THE CRIMINAL-CASH-DAMAGE-CLAIM OF THE **TITLE-~15: D.-C.-C.-S.-~1692-~e** BY THE FRAUD and: MISLEADING-STATEMENT-DAMAGES: **TITLE-~15: D.-C.-C.-S.-~78-~ff,** :CRIMINAL-PENALTIES [$25-MILLION-DOLLARS] BY AN ATTORNEY-GENERAL-FALSE-CLAIMS-ACT-TASK-FORCE.

~26 FOR THE CONTRACT OF THE **QUI-TAM ARE** WITH THE CONTRACT-DOCUMENT-CO-OPERATION-JOINING-CLAIM OF THE CLAIMANT'S-SUING WITH THE DOCUMENT-EVIDENCE-**C.-S.-S.-C.-P.-S.-G.**-PROOF OF THE CRIMINAL-VIOLATION FOR THE FEDERAL-ATTORNEY-GENERAL OF THE CRIMINAL-QUANTUM-VOLITION WITH THE PROOF OF THE SOLUTION-MATHEMATICAL-SYNTAX-GRAMMAR-COMMUNICATION-OPERATIONS WITH THE FRAUD and: CONDITION OF THE MIND WITH THE CONTRACT-DUTY: **TITLE-~42: D.-C.-C.-S.-~1986** WITH THE CLAIMANT'S-KNOWLEDGE OF THE **D.-C.-F.-P.-S.-C.-V.**-CRIMES WITH THE STOPPING AND: CORRECTING OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR AS THE 'WHISTLE-BLOWER-ACTION' BY THE CLAIMANTS.

~27 FOR THE **TITLE-~42: D.-C.-C.-S.-~1985-~1** OF THE TWO-OR-MORE-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-FILINGS **ARE** WITH THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-CLAIMS OF THE CONSPIRACY BY THE VASSALEES WITH THE CROSS-CLAIMS OF THIS CRIMINAL-CODE: **TITLE-~18: D.-C.-C.-S.-~241:** CONSPIRACY WITH THE VASSALEES'-DOCUMENTS OF THE FRAUDULENT-STATE-COURT-VENUE-ORDERS WITH AN ADVERB-VERB-PARSE-SYNTAX-GRAMMAR-COMMUNICATION-FICTION-GRAMMAR BY THE STATE-JUDGE'S-WRITTEN-VIEW.

~28 FOR THE **TITLE-~42: D.-C.-C.-S.-~1985-~2** OF AN OBSTRUCTING-COUNTY-COURT-GUISE **IS** WITH THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-WORD-MEANING WITH THE FRAUDULENT-WORD-TERMS WITH THE FICTION-VIEW, MODIFICATION, PRESUMPTION, ASSUMPTION and: APARTHEID VERSUS THE CLAIMANT BY THE VASSALEES'-FRAUD-MORTGAGE-EVIDENCE.

~29 FOR THE CLAIMANT'S-EVIDENCE OF THE FRAUD-SYNTAX-GRAMMAR-DOCUMENTS **ARE** WITH THE DAMAGE-CLAIM OF THE **TITLE-~42: D.-C.-C.-S.-~1985-~3** WITH THE STOPPING OR: BLOCKING-PLEADINGS BY THE VASSALEE'S-FRAUDULENT-BANK-'MORTGAGE'.

~30 FOR THE GOVERNMENT-SPENDING-CONTRACTS OF THE (new)FEDERAL-POSTAL-SERVICE-TREASURY-GOVERNMENT-[~2-~FEBRUARY-~2000] **ARE** WITH THE CLOSURE-COVERY-CLAIM OF THE FEDERAL-POSTAL-SERVICE-GOVERNMENT-GUISE WITH THE COVERY OF THE FALSE-CLAIMS-ACT.

~31 FOR THE **C.-S.-S.-C.-P.-S.-G.**-FALSE-CLAIMS-ACT OF THE CORPORATION-CASE **ARE** WITH THE AN AMERICAN-LAW-CLAIM OF THE LIABILITY WITH THE PERSONS and:/or: COMPANY OF THE FEDERAL-POSTAL-CONTRACTOR WITH THE **F.-P.-C.-V.** and: JUDGES-WAGE-PAYMENTS BY THE PORT-AUTHORITIES OF THE FEDERAL-CORPORATION-FEDERAL-POSTAL-SERVICE WITH THE VOLITION OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR and: FITICIOUS-GRAMMAR: **TITLE-~18: D.-C.-C.-S.-~1001, TITLE-~15: D.-C.-C.-S.-~1692-E:** FRAUD and: MISLEADING-SYNTAX-GRAMMAR-STATEMENTS, and: MONEY-PENALTIES: **TITLE-~15: D.-C.-C.-S.-~78-~FF** WITH THE FRAUDULENT-SYNTAX-GRAMMAR-COMMUNICATION-PENALTIES OF THE MAIL-FRAUD: **TITLE-~18: D.-C.-C.-S.-~1341** WITH THE MONEY-TORT BY THE **D.-C.-F.-P.-S.-C.-V.**-JUDGE and:/or: BANKING-FRAUD-DOCUMENTS WITH THE **TITLE-~18: D.-C.-C.-S.-~242:** [DE]PRIVATION OF THE RIGHTS WITH THE COLORING OF THE LAWS WITH THE PUBLICATION OF THE **TITLE-~42: D.-C.-C.-S.-~1985-~1:** CONSPIRACY OF THE PERSONS WITH THE **TITLE-~42: D.-C.-C.-S.-~1985-~2:** OBSTRUCTING WITH THE EVIDENCE and: WITNESSES BY THE **TITLE-~18: D.-C.-C.-S.-~1001:** FRAUDULENT-MODIFICATIONS OF THE PARSE-SYNTAX-GRAMMAR-COMMUNICATION-EVIDENCE WITH THE **TITLE-~42: D.-C.-C.-S.-~1985-~3:** BLOCKING WITH THE WITNESSES and: EVIDENCE BY THE **TITLE-~18: D.-C.-C.-S.-~1001** WITH THE FRAUDULENT-MODIFICATION-SYNTAX-GRAMMAR-

COMMUNICATIONS OF THE CAUSING WITH THE PARTICIPATION OF THE TITLE-~18: D.-C.-C.-S.-~1961: RACKETEERING, WITH THE TITLE-~18: D.-C.-C.-S.-~3: PARTICIPATING-CRIME and: CRIMINAL-VIOLATIONS and: TITLE-~18: D.-C.-C.-S.-~4: MISPRISON WITH THE FELONY OF THE DOCUMENT-EVIDENCE WITHIN THE D.-C.-F.-P.-S.-C.-V. BY THE FRAUDULENT-VASSALEES'-DOCUMENTS.

~32 FOR THE C.-S.-S.-C.-P.-S.-G.-FALSE-CLAIMS-ACT: TITLE-~31: D.-C.-C.-S.-~3729-THROUGH-~3733: PARSE-SYNTAX-GRAMMAR-CORRECTIONS ARE WITH THE FALSE-TAKING: TITLE-~18: D.-C.-C.-S.-~641 OF THE CLAIMANT'S-EQUITY WITH THE DAMAGE-CLAIMS OF THE VASSALSEE'S-WRITTEN-FRAUD-CONTRACT-PERFORMANCES WITH THE C.-S.-S.-C.-P.-S.-G.-CORRECTIONS BY THE D.-C.-F.-P.-S.-C.-V.-CLAIMANT: FEDERAL-POSTAL-COURT-CLERK: Leighton-Lionell: Ward.

~33 FOR THE C.-S.-S.-C.-P.-S.-G.-FALSE-CLAIMS-ACT OF THE C.-S.-S.-C.-P.-S.-G.-CHANGES ARE WITH THE CORRECTION-CLAIM OF THE FALSE-PARSE-SYNTAX-GRAMMAR-STATEMENTS WITH THE CASH-DAMAGE OF THE EQUITY-WAGE-LOSS-TAKEN WITH THE CLAIMANT'S-CERTIFICATION BY THE VASSALEES'-WRONG-DOER'S-PERSONAL-CONFESSION-DOCUMENTS.

~34 FOR THE CLAIMANT'S-DOCUMENTS OF THE C.-S.-S.-C.-P.-S.-G. ARE WITH THE NOW-TIME-FACTS OF THE POSITIONAL-LODIAL-FACT-PHRASES, LODIAL-[ARTICLE], and: VERBS: IS=SINGLAR, and: ARE=PLURAL, WITH THE SINGLE-IDEA-CONTENT-SENTENCES BY THIS DOCUMENT'S-CLOSURE-FACTS.

~35 FOR THE GOVERNMENTS'-POSSESSIONS OF THE CASH-MONEY-LOSS ARE WITH THE CORRECTION-CLAIM OF THE C.-S.-S.-C.-P.-S.-G.-CONTRACT-DOCUMENTATION WITH THE QUI-TAM-LAWSUITS-CLAIM OF THE VASSALEES-DEFENDANT-AUTOGRAPH-VIOLATION-LIABILITIES, RECKLESS-VOLITION WITH THE CORPORATION-CASE OF THE C.-S.-S.-C.-P.-S.-G.-FACTS WITH AN EVIDENCE-STANDARD OF THE CONTRACTING-DUTY-ELEMENTS WITH THE VIOLATORS-LOST-POSITION BY THE FOUR-TIMES-MONEY-DAMAGES and: CIVIL-FINES OF THE FALSE-CLAIM, FRAUD and: MISLEADING-STATEMENTS: C.-S.-S.-C.-P.-S.-G.-TITLE-~15: DOCUMENT-CONTRACT-CLAIMS-SECTION-~1692-~E, OF THE PENALTY: C.-S.-S.-C.-P.-S.-G.-TITLE-~15: D.-C.-C.-S.-~78-~FF WITH THE $25-MILLION-FINE OF THE THIRTY-FIVE-PERCENT WITH THE COLLECTION-CASH-COMPENSATION OF THE BENEFIT WITH THE QUI-TAM-CLAIMANT'S-WITNESSING &: PERFORMANCE-WORK-CONSOLIDATION OF THE CONFIRMING-EVIDENCE &: C.-S.-S.-C.-P.-S.-G.-OPERATIONAL-LAWS WITH THE THIRTY-FIVE-PERCENT OF THE CASH-FUNDS-FOUND WITH THE VASSALEES'-NOW-TIME-FACTS OF THE PAYMENT WITH THE SUCCESSFUL-PLAINTIFF'S-EXPENSES OF THE CORPORATION-CASE WITH THE PLOYMENT-SECURITY OF THE C.-S.-S.-C.-P.-S.-G.-STATMENTS WITH THE SENIORITY-STATUS, SPECIAL DAMAGES, and: DOUBLE-BACK-PAY BY THE EVIDENCE-CONFESSION-WRONG-DOER-VASSALEES.

~36 FOR THE CLAIMANT'S-DAMAGES BY THE VASSALEES'-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DOCUMENTS ARE WITH THE VACATING-CLAIM OF THE FRAUDULENT-DOCUMENTS WITH THE SANCTIONS VERSUS THE VASSALEES AS THE DUTY-CARETAKER, TRUSTEE &: CUSTODIAN-PAYABLE-WAGES-START-TIME-DATE-~13-~JULY-~2007 THROUGH THE NOW-TIME-GUARDIAN-CONSERVATION-SECURITY-TRUSTEE-CARETAKER-~2014-~NOW-TIME-FILE-STAMP OF THE CASH-WAGES-DUE: $87,400.00 PER-YEAR WITH THE TOTAL-WAGES-DUE: $1,207,676.00 FOR THE CLAIMANT: Rhonda: Tallent's &: Carroll: Davis's-PERPETUAL-CONTINUANCE-CORPORATION-CASE-CLAIM.

~37 FOR THE FACTUAL-EVIDENCE OF THE VASSALEES'-WRITINGS-SKILLS ARE WITH THE VASSALEES-DOCUMENT-CLAIMS OF THE FRAUDULENT-WRITING-LAW-TESTS BY THE LAW-SCHOOLS &: BY THE STATE-TESTING-BOARDS WITH THE GRADUATION-PERSONS: ATTORNEYS AND: LAWYERS WITH THE VOID-C.-S.-S.-C.-P.-S.-G.-SKILLS BY THE READING OR: WRITING-DAMAGE.

~38 FOR AN ORIGINAL-CLAIMS OF THE C.-S.-S.-C.-P.-S.-G.-FALSE-CLAIMS-ACT ARE WITH THE PERSON'S-CONTRACT-KNOWLEDGE OF THE LIABILITY-DAMAGE-CLAIM WITH THE FRAUDULENT-MONETARY-GAINS OF THE FRAUDULENT-CONTRACT-PAYMENT WITH THE FRAUDULENT-GOVERNMENT-GUISE WITH THE FALSE-CASH-TRANSFER-CLAIM OF THE PAYMENT-OUT OR: FINANCIAL-GAIN-IN OR: WITH THE PERFORMANCE-KNOWLEDGE, OR: C.-S.-S.-C.-P.-S.-G.-PERFORMANCE-CLAIM BY THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DOCUMENTS OR: FRAUDULENT-PARSE-SYNTAX-GRAMMAR-STATEMENT BY THE CLAIMING-PERSON OR: WITH THE PERSONS-CONSPIRING BY THE FALSE-CLAIMS-ACT OR: WITH THE FRAUDULENT-CERTIFYING OF THE TYPE, KIND, OR: CASH-AMOUNT.

~39 FOR THE CLAIMANT'S-KNOWLEDGE OF THE GOVERNMENTS'-CRIMINAL-MONEY-PAYMENTS(OUT) OR: CRIMINAL-MONEY-CONSPIRACY-COLLECTION-CLAIMS ARE WITH THE GOVERNMENTS'-DAMAGE-CLAIM OF THE WRONG-DOER'S-VASSALEES-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DOCUMENT-CONTRACT WITH THE FALSE OR: FRAUDULENT-CONTRACTS &: FALSE-CONTRACT-CLAIMS BY THE WRONGDOER-PERSONS.

~40 FOR THE SUPPORTING-TERMS OF THE DOCUMENT-CLAIMS ARE WITH THE C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE-TERMS.

~1 FOR THE D.-C.-C.-~4: FOR THE PROCESS OF THE VESSEL ~A WITH THE SUMMONS, ~B WITH THE FORM, ~C WITH THE VESSEL OF THE CLAIMS WITH THE VASSALEES, ~D WITH THE SUMMONS AND: COMPLAINT WITH THE 21-DAYS-CORRESPONDENCE-BACK FOR THE CLAIMANT-HEREIN, ~G WITH THE JOINING-PROOF OF THE VESSEL WITH THE D.-C.-F.-P.-S.-C.-V.-CLAIMANT. ~H: F.-P.-C.-V.-SCHEDULING-45-DAY-TRUST-TIME-LIMIT AND: THREE-DAY-RESCISSION-TIME-CLAIM: TITLE-~15: D.-C.-C.-S.-~1635~A.

~2 FOR THE D.-C.-C.-~5 = WITH THE VESSEL: ~A WITH THE QUIREMENT; ~D WITH THE CLAIMS OF THE FILING; ~E FOR THE FILING BY THE F.-P.-C.-V.-CLAIMANT IS WITH THE VESSEL-CLAIMS OF THE PERSON BEYOND AN AGE OF THE 18-YEARS AND: NOT IN THE MATTER OF THE CORPORATION-CASE.

~3 FOR THE D.-C.-C.-~6 = WITH THE TIME: ~A WITH THE COMPUTATION-MONDAY-THROUGH-FRIDAY-CASES AND: CONTINUANCE WITH THE D.-C.-F.-P.-S.-C.-V.; ~D WITH THE COMPLAINTS AND: STATEMENTS ARE WITHIN THE VESSEL OF THE FIVE-DAYS-CLAIMS-NOTICES WITH THE TRIAL BY THE CLAIMANTS AND: ONE-DAY-CORRESPONDENCE BEFORE THE VASSALEES'-TRIAL.

~4 FOR THE D.-C.-C.-~7 = WITH THE PLEADINGS: ~A WITH THE PLEADINGS IN THE C.-S.-S.-C.-P.-S.-G.; ~B WITH THE COMPLAINT OF THE C.-S.-S.-C.-P.-S.-G.-CLAIMS IS WITH THE DAMAGES BY THE C.-S.-S.-C.-P.-S.-G.-CORRECTION-SOUGHT.

FOR THE COPYCLAIM-COPYRIGHT-DATE: ~1-~JANUARY-~2013, BY THE FEDERAL-JUDGE: David-Wynn: Miller &: CLAIMANTS: Rhonda: Tallent &: Carroll: Davis OF THE DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE WITH THE D.-C.-F.-P.-C.-V. :FEDERAL-POSTAL-REGISTRATION-NUMBER: ~RE015219044US.

**~5** FOR THE <u>D.-C.-C.-~9</u> = WITH THE <u>PLEADINGS-SPECIAL</u> **~B** WITH THE CLAIMS OF THE FRAUDS **ARE** WITH THE CONDITION, WILL AND: VOLITION OF THE MIND; **~E** WITH THE CLAIMS OF THE <u>FACT</u> IN THE <u>C.-S.-S.-C.-P.-S.-G.-</u>CLAIM, **~F** WITH THE <u>NOW-TIME</u> AND: <u>NOW-PLACE</u>, **~G** WITH THE <u>NOW-TIME-FACTS</u> IN THE <u>C.-S.-S.-C.-P.-S.-G.</u>, **ARE** WITH THE <u>DAMAGE-CLAIMS</u> BY THE VASSALEES.

**~6** FOR THE <u>D.-C.-C.-~8</u> = WITH THE CLAIMS OF THE **PLEADINGS**: **~A** WITH THE CLAIMS OF THE DAMAGES BY THE <u>COMPENSATION-WAGES</u>, MONEY, AND: **CASH**-VALUE-LAND-<u>C.-S.-S.-C.-P.-S.-G.</u>-CORRECTIONS; **~B** WITH THE <u>C.-S.-S.-C.-P.-S.-G.</u>-CLAIM; **~C** WITH A <u>C.-S.-S.-C.-P.-S.-G.</u>-OATH; **~D** WITH THE FAILURE OF THE <u>CORRECT-FACTS</u> = :PERJURY, FRAUD, LIES, FICTION, PRESUMPTIONS, ASSUMPTIONS, OPINIONS, MODIFICATIONS ; **~E** WITH THE PLEADINGS BY THE <u>CLOSURE-MEANINGS &: TERMS OF A SINGLE-THOUGHT</u> IN EACH <u>C.-S.-S.-C.-P.-S.-G.</u>-SENTENCE-FACT-PHRASE WITH <u>EACH FACT</u> AND: 'FOR THE **ONE-VERB-'THINKING'** IS IN EVERY SENTENCE.

**~7** FOR THE <u>D.-C.-C.-~11</u>: FOR THE <u>FRIVOLOUS-FILINGS</u> OF THE <u>WITNESS'S-PLEADINGS</u> **IS** WITH THE <u>SANCTION-DAMAGE-CLAIM</u> OF THE <u>FRAUDULENT-PARSE-SYNTAX-GRAMMAR</u> BY THE VASSALEE.

**~8** FOR THE <u>D.-C.-C.-~10</u>: FOR THE **FORM OF THE PLEADING** **IS** WITH THE CLAIMS OF THE CAPTIONS IN THE <u>CORRECT-FACTS</u>, **~B** WITH THE NUMBERING OF THE SENTENCES OR: PARAGRAPHS AND: PAGES; **~C** WITH THE BONDING-(<u>GLUEING, STITCHING OR: MECHANICAL-RIVETTING</u>)-CORPORATION-CASE.

**~9** FOR THE CAUSE OF THE <u>D.-C.-C.-~9-~B, D.-C.-C.-~12-B, D.-C.-C.-~56-~D</u>, AND: <u>D.-C.-C.-~7</u> FOR THE <u>DUE-PROCESS</u>; AND: WITH AN <u>EQUAL-GUARANTEE</u> OF THE **TITLE-~42: D.-C.-C.-S.-~1985-~2** WITH THE DAMAGE OF THE <u>CORRECT-FACTS</u> BY THE <u>CLAIMANT'S-WITNESSING</u> AND: <u>FACT-EVIDENCE</u>.

**~10** FOR AN AUTOGRAPH OF THE <u>LEGAL-F.-P.-C.-V.-C.-S.-S.-C.-P.-S.-G.</u>-CORRECTION **ARE** WITH THE <u>C.-S.-S.-C.-P.-S.-G.-LAW-DOCUMENT</u> OF THE <u>FIVE-DAY-TIME-LIMIT</u> WITH THE SANCTIONS.

**~11** FOR THE **DURESS**: FOR AN <u>CRIMINAL-PURPOSE/THREAT</u> OF THE <u>PERSON'S-COMPLIANCE</u> WITH THE THREAT OF THE <u>VIOLENCE, PAIN OR: LOSS</u> OF THE <u>FREEDOM</u> BY THE PRISON WITH THE <u>MENTAL OR: FINANCIAL-HARM</u> BY THE <u>COERCING</u>: **TITLE-~28 CHAPTER-~85: D.-C.-C.-S.-~1359**.

**~12** FOR THE <u>SUMMARY-CORRECTIONS</u> OF THE <u>DOCUMENT-CLAIM-LIST</u>: DOCUMENT-CLAIMS-~12-~B:

**~13** FOR THE <u>D.-C.-C.-~12~-B-~7</u> OF THE JOINING **ARE** WITH AN <u>AUTHORITY-VENUE</u> BY THE 'LAW OF THE FLAG'.

**~14** FOR THE <u>D.-C.-C.-~12-~B-~6</u> OF THE <u>NOW-TIME-C.-S.-S.-C.-P.-S.-G.</u>-PLEADINGS **ARE** WITH THE <u>C.-S.-S.-C.-P.-S.-G.</u>-FACTUAL-CLAIMS BY THE <u>C.-S.-S.-C.-P.-S.-G.-DOCUMENTS</u>.

**~15** FOR THE <u>D.-C.-C.-~12-~B-~5</u> WITH THE <u>CORRECT-PROCESS/LIVERY</u> OF THE <u>CASE-DOCUMENTS</u> **ARE** WITHIN THE **C.-S.-S.-C.-P.-S.-G.-CERTIFICATION** OF THE **F.-P.-C.-V.**-CAIMANT WITH THE <u>C.-S.-S.-C.-P.-S.-G.</u>-PAPERWORK-CLAIM BY THE <u>DOCKETING-VESSEL'S-D.-C.-F.-P.-S.-C.-V.</u>

**~16** FOR THE <u>D.-C.-C.-~12-~B-~4</u>: CORRECT-VESSEL OF THE PAPERWORK **IS** WITH AN <u>AUTOGRAPH-CANCELATION</u> ON THE <u>FEDERAL-POSTAL-VESSEL-STAMP</u> AND: <u>END-DORSEMENT</u> ON THE TOP OF THE <u>COVER-PAGE-BACK</u> & ON THE <u>DOCKETING-PORT-STAMP</u> OF THE <u>F.-P.-C.-V.</u>.

**~17** FOR THE <u>D.-C.-C.-~12-~B-~3</u>: C.-S.-S.-C.-P.-S.-G.-VENUE OF THE <u>F.-P.-C.-V.-FILINGS</u> **IS** WITH THE <u>C.-S.-S.-C.-P.-S.-G.</u>-CLAIM BY THE <u>F.-P.-C.-V.</u>

**~18** FOR THE **LAW OF THE FLAG ARE** WITH THE CLAIM OF THE SANCTION WITH THE <u>FOREIGN-VENUE-MODIFICATION</u> WITH THE COLOR, THING OR: SHAPE OF THE <u>FRAUDULENT-MODIFICATION</u>.

**~19** FOR THE TRAPS IN THE <u>TITLES, NAMES, DATES, CASE-NUMBERS, ITALIC-WORDS, BOXING AND: TITLE-SITES</u> **ARE** WITH THE <u>FICTION-GRAMMAR-FORMAT</u> BY AN <u>AUTOGRAPH-CONFESSION</u>.

**~20** FOR THE <u>D.-C.-C.-~12-~B-~2</u>: FOR THE <u>F.-P.-C.-V.</u> OF THE <u>CORPORATION-CASE</u> **ARE** WITH THE CLAIM OF THE <u>C.-S.-S.-C.-P.-S.-G.</u>-PORT-FEDERAL-POSTAL-COURT-VENUE-AUTHORITY BY THE <u>DOCUMENT-TERMS-VENUE</u>.

**~21** FOR THE <u>D.-C.-C.-~12-~B-~1</u>: FOR THE KNOWLEDGE OF THE **C.-S.-S.-C.-P.-S.-G.-FACTS ARE** WITH THE CLAIMS OF THE FACTS WITH AN <u>AUTHORITY-CORPORATION-CASE</u> BY THE <u>DOCUMENT-TERMS</u>.

**~22** FOR THE **TITLE-~18: D.-C.-C.-S.-~1621**: PERJURY OF AN OATH **IS** WITH AN USE OF THE COERCION: **TITLE-~28: D.-C.-C.-S.-~1359** FOR THE 'RAPE'(TAKING) OF THE <u>PERSON'S-FREEDOM</u> WITH THE **TITLE-~18: D.-C.-C.-S.-~4**: PRISON BY A <u>FICTION-FELONY-PLEADING</u> WITH THE <u>FRAUDULENT-PARSE-SYNTAX-GRAMMAR</u> AND: **TITLE-~18: D.-C.-C.-S.-~3** WITHIN THE PARTICIPATION BY THE <u>CRIMINAL-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DOCUMENTS</u>.

**~23** FOR THE **FALSE-SWEARING**: FOR THE <u>FIRST-STATEMENT-TIME-LIMITATION</u> OF THE <u>NOW-TIME</u>.

**~24** FOR THE <u>ADJECTIVES, PRONOUNS OR: ADVERB-MODIFIERS</u> IN THE <u>FRAUDULENT-GRAMMAR-FORMAT</u> **ARE** WITH THE **PERJURY: TITLE-~18: D.-C.-C.-S.-~1621** BY A <u>FRAUDULENT-GRAMMAR-CONTRACT</u>.

**~25** FOR THE <u>LEGAL-NECESSARY-ELEMENT</u> OF THE FEAR **ARE** WITH THE <u>TORT-CLAIMS</u> OF THE WRITING WITH THE **TITLE-~42: D.-C.-C.-S.-~1985-~3**.

**~26** FOR THE **RACKETEERING** OF THE <u>BEYOND-POWERING-FORCES</u> **ARE** WITH THE <u>FRAUDULENT-FINANCIAL-CLAIM</u> OF THE THREAT WITH THE <u>TOTAL-LOSS</u> BY THE <u>MOVING-PERSON(S)</u>.

**~27** FOR AN **ADJECTIVE** OF THE <u>COLORFUL-VIEW</u> **IS** WITH THE MODIFICATION OF THE FACT, WITH THE <u>TWO-OR-MORE-FACTS-JOINING</u> WITH THE <u>LAST-FACT</u> OF THE <u>FACT-PHRASE</u> WITH THE CHANGING OF THE FIRST-FACT INTO AN ADJECTIVE **&** WITH THE <u>ADJECTIVE-CHANGES</u> OF THE <u>SECOND-FACT-WORD</u> WITH THE <u>PRONOUN-PARSE-SYNTAX-GRAMMAR</u>.

**~28** FOR THE <u>D.-C.-C.-~24</u>: FOR THE **TITLE-~28: D.-C.-C.-S.-~2403** OF THE <u>DOCUMENT-VESSEL</u> **ARE** WITH THE <u>C.-S.-S.-C.-P.-S.-G.</u>-CHALLENGE OF THE <u>DOCUMENT-FACTS</u>.

**~29** FOR THE <u>D.-S.-C.-C.-~7</u> OF THE <u>DUE-PROCESS-CLAIM</u> & WITH THE **TITLE-~42: D.-C.-C.-S.-~1985-~2** WITH AN <u>EQUAL-GUARANTEE</u> OF THE LAW: **D.-C.-C.-~12-B-~7, ~1, ~2**, BY THE VASSALEES.

FOR THE <u>COPYCLAIM-COPYRIGHT-DATE: "~1-'JANUARY-'2013</u>, BY THE <u>FEDERAL-JUDGE: David-Wynn: Miller</u> &: <u>CLAIMANTS: Rhonda: Tallent</u> &: <u>Carroll: Davis</u> OF THE <u>DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE</u> WITH THE <u>D.-C.-F.-P.-C.-V.</u> :FEDERAL-POSTAL-REGISTRATION-NUMBER: "RE015219044US.

**~30** FOR THE <u>D.-C.-C.-~41-~A</u>: <u>VOLUNTARY-WITHDRAW</u> OF THE <u>FILE-COMPLAINT</u> **ARE** WITH THE <u>PARSE-SYNTAX-GRAMMAR-ERROR-CLAIM</u> OF THE <u>TITLE-~42: D.-C.-C.-S.-1986</u>, BY THE CLAIMANTS.

**~31** FOR THE <u>D.-C.-C.-~38-A</u>: FOR THE TRIAL BY THE <u>TWELVE-PERSON-JURY</u> **IS** WITH THE <u>SAME-PLANE-CLAIM</u> OF THE CORRECTION WITH THE <u>C.-S.-S.-C.-P.-S.-G.-NOW-TIME-D.-C.-F.-P.-S.-C.-V.</u>

**~32** FOR THE <u>TITLE-~18: D.-C.-C.-S.-~242-~1</u> FOR THE <u>2-OR-MORE-PERSON</u> OF THE <u>COMING-TOGETHER</u> WITH THE <u>VOIDING OF THE CORRECT-PARSE-SYNTAX-GRAMMAR-DOCUMENT</u> AS THE <u>FRADUCIARY-CLAIM</u> OF THE <u>D.-C.-F.-P.-S.-C.-V.</u> OF THE LAW, STATUTE, ORDINANCE, REGULATION, IN THE <u>DOCUMENT-CORPORATION-F.-P.-C.-V.</u> WITH THE <u>TWO-DIFFERENT-PUNISHMENTS, PAINS, PENALTIES OR: TREATMENT</u> OF THE <u>PERSON-BEING-FOREIGN</u> **= (NO PUNCTUATION IN THE DEAD-NAME) = FRAUD/FOREIGN**, OR BY THE CLAIMS OF THE <u>PERSON'S-COLOR, RACE, FAITH, OR: SEX</u> **ARE** WITH THE CLAIMS BY THE <u>DOCUMENT-PUNISHMENT</u>.

**~33** FOR THE <u>TITLE-~18: D.-C.-C.-S.-~1621</u>: FOR THE <u>PERJURY-CONDITION</u> OF THE <u>PERSON'S-VOLITION</u> **IS** WITH THE <u>PAYMENT-WAGE-CLAIM</u> OF THE <u>FRAUD-PARSE-SYNTAX-GRAMMAR-WRITINGS</u> WITH THE <u>PAYMENT OR: WAGES</u> WITH THE <u>PARSE-SYNTAX-GRAMMAR-FRAUD</u> BY THE <u>CONTRACT-BREACH-AUTHOR</u>.

**~34** FOR THE <u>D.-C.-C.-~50</u>: FOR THE <u>NEW-TRIAL</u> OF THE <u>FRAUD-SYNTAX-GRAMMAR-CASE</u> **IS** WITH THE **'WRIT OF DE NOVO'** BY AN ORIGINAL-COURT-JUDGE'S-VOID-CORRECTION OF THE <u>PARSE-SYNTAX-GRAMMAR-FACTS</u> WITH THE <u>C.-S.-S.-C.-P.-S.-G.-QUO-WARRANTO-COMPLAINT</u>.

**~35** FOR THE <u>D.-C.-C.-~54</u>: FOR THE CLAIMS OF THE <u>SUMMARY-DOCUMENT-CONTRACT</u> **IS** WITH THE <u>C.-S.-S.-C.-P.-S.-G.-CORRECTIONS</u> BY THE **CLAIMANT: FEDERAL-POSTAL-COURT-CLERK: Leighton-Lionell: Ward.**

**~36** FOR THE <u>D.-C.-C.-~56</u>: FOR THE <u>SUMMARY-CORRECTIONS</u> IN THE <u>C.-S.-S.-C.-P.-S.-G.</u> **ARE** WITH THE <u>DAMAGES-CLAIMS</u> OF THE <u>C.-S.-S.-C.-P.-S.-G.-PLEADINGS</u>.

**~37** FOR THE <u>D.-C.-C.-~57</u>: FOR THE <u>CLARATORY-VENUES</u> OF THE <u>PHYSICAL-EVIDENCE-DAMAGES</u> **ARE** WITH THE <u>DAMAGES-CLAIMS</u> BY THE <u>C.-S.-S.-C.-P.-S.-G.-FACTS</u> &: <u>VASSALEES'-BONDED-EVIDENCE</u>.

**~38** FOR THE <u>WORD-TERM:'BREACH</u>', OF THE COMMISSION, VOID, DOCUMENT-DUTY, AUTHORITY OR: FIDUCIARY'S-CONTRACT-TERMS **ARE** WITH THE <u>DAMAGE-CLAIM</u> BY THE <u>NEGLIGENT-PERSON</u>.

**~39** FOR THE <u>RACKETEERING</u> OF A <u>GROUP-CONSPIRACY</u> **IS** WITH THE COMMITMENT OF THE CRIMES WITH THE <u>TORT/COERCION, RAPE</u> OR WITH THE <u>COERCION</u> OF THE <u>LIFE, PARTY, PERSON, &: DOCUMENT OR: CORPORATION</u> WITH THE POINT OF THE COVERY WITH AN <u>STRUCTURING-DAMAGE</u> BY THE <u>TORT-PERSONS</u>.

**~40** FOR THE <u>TITLE-~42: D.-C.-C.-S.-~1986</u>: KNOWLEDGE OF THE <u>DOCUMENT-DUTIES</u> **IS** WITH THE CLAIM OF THE <u>WRONG-PARSE-SYNTAX-GRAMMAR</u> BY THE <u>C.-S.-S.-C.-P.-S.-G.-DOCUMENT</u>.

**~41** FOR THE **POSITIONS: FOR, OF, WITH, BY, THROUGH, IN &: ON** **ARE** WITH THE <u>NOW-TENSE-AUTHORITY-VENUE-POSITIONS</u> OF THE "POSITION-LODIAL-FACT-PHRASE" WITH THE <u>NOW-TIME-AUTHORITY</u>.

**~42** FOR THE **PRONOUN-PARSE-SYNTAX-GRAMMAR-VOID**: FOR THE PRONOUN OF THE FICTION **IS** WITH THE TERMS AS A TRAP IN THE <u>FICTIONAL-COURTROOM</u> WITH THE <u>FICTION-VOID-COMMUNICATIONS</u>.

**~43** FOR THE LAWYER OR: ATTORNEY OF THE <u>DOCUMENTING-VESSELS</u> **IS** WITH THE <u>DAMAGE-CLAIM</u> OF THE <u>C.-S.-S.-C.-P.-S.-G.-FAILURE, LOSS</u> OR: DAMAGES BY THE DOCUMENTS.

**~44** FOR THE **BIAS**: FOR AN <u>VIEW-LEANING-TOWARDS-ONE-SIDE</u> OF THE <u>MATTER/CAUSE/FACT</u> IS WITH THE CONVICTION BY A <u>WRONG-VIEW</u> BY THE <u>VIEWING-PERSONS</u> OR OF THE James: Touhey OF THE <u>DEPARTMENT-OF-JUSTICE</u> OR OF THE Sean: McKessy OF THE <u>SECURITIES-&-[EX]CHANGE-COMMISSION</u>.

**~45** FOR THE <u>FRAUDULENT-PARSE-SYNTAX-GRAMMAR</u> OF THE <u>CLOSING-COSTS AND: DOWN-PAYMENT</u> **IS** WITH THE <u>FOUR-TIMES-MONEY-DAMAGE</u> WITH THE <u>CLAYTON-ACT-(1914)</u> DUE THE CLAIMANT.

**~46** FOR THE **CHANGING-DIFFERENCES**: FOR THE TREATMENT OF THE <u>PERSON'S-QUALITY</u> **IS** WITH THE <u>DAMAGE-CLAIM</u> OF THE NEGLECT WITH THE FAVORING OF THE <u>ONE-PERSON</u> WITH A CONSPIRACY OF THE <u>SECOND-PERSON</u>. [WITH THE <u>TITLE-~VII</u> OF THE <u>~1964: DOCUMENT-CIVIL-RIGHTS-ACT</u>].

**~47** FOR THE **'TORT'** OF THE <u>DOCUMENT-WRONGS</u> **ARE** WITH THE CONSPIRACY OF THE <u>DUTY, PERSON, AND: DOCUMENT OR: CONSTITUTION</u> BY THE <u>FIDUCIARY'S-KNOWLEDGE</u> OF THE <u>WRONGFUL-PARSE-SYNTAX-GRAMMAR</u> OF A <u>NOW-TIME-THREAT/FEAR</u> WITH THE <u>DOCUMENT-CLAIM: TITLE-~18: D.-C.-C.-S.-~871</u>.

**~48** FOR THE <u>TITLE-~42: D.-C.-C.-S.-~1985-~1</u>, WITH THE DAMAGING OF THE <u>PERSON, SELF, EQUITY OR: CASH</u> **IS** WITH THE <u>DAMAGE-CLAIM</u> OF THE CONSPIRACY WITH THE <u>ONE-OR-MORE-PERSON'S</u> OF THE <u>CIVIL-CONSPIRACY-DAMAGE</u> WITHIN THE <u>DOCUMENT-EVIDENCE</u>.

**~49** FOR THE <u>TITLE-~42: D.-C.-C.-S.-~1985-~2</u>: FOR THE <u>FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION</u> OF THE <u>CORRECT-COMMUNICATION-FACTS</u>, BY THE THREATENING OF THE WITNESS **ARE** WITH THE <u>TWO-OR-MORE-PERSONS</u> BY THE CONSPIRING AND:/OR: THREATENING OF THE PERSON WITHIN THE <u>F.-P.-C.-V.-TESTIFYING-MATTER'S-PENDING</u>, OR: CONVINCING OF THE <u>VERDICT OR: CLAIM</u> OF THE <u>JUROR-MEMBER</u>, OR WITH THE DAMAGING OF THE JUROR WITHIN THE <u>PERSON-SELF-VALUES'-CLAIM</u> OF THE VERDICT WITH THE <u>JUROR-DUTY</u> OF THE <u>TWO-OR-MORE-PERSONS-CONSPIRACY</u> WITH A BLOCKING BY THE <u>CORRECT-DOCUMENT-FACTS</u>.

**~50** FOR THE <u>TITLE-~42: D.-C.-C.-S.-~1985-~3</u>: FOR THE <u>BIAS</u> OF THE <u>VESSEL-DOCUMENT</u> BY THE <u>VIEWING-PERSONS</u> OR OF THE James: Touhey OF THE <u>DEPARTMENT-OF-JUSTICE</u> OR OF THE Sean: McKessy OF THE <u>SECURITIES-&-[EX]CHANGE-COMMISSION</u>. **IS** WITH THE <u>PERSON-CLAIM</u> OF THE <u>DOCUMENT-TERRITORY</u> WITH THE CONSPIRING OF THE GUISE, WITH THE VACATING, EITHER THE DIRECTION OF THE PERSON OR: CLASS OF THE <u>PERSON'S-MATCHIN-GUARANTEE</u> OF AN <u>MATCHING-DOCUMENT-CLAIM</u> WITH THE HINDRANCE OF THE <u>DOCUMENT-AUTHORITY</u> WITH THE <u>JUDGE/ATTORNEY/PERSONS</u> IN THE <u>PERSON'S-CONSPIRACY</u> OF THE <u>THREATENING-PERSON</u> WITH THE <u>VOTE-GIVING</u> OF THE <u>PERSON-SUPPORT</u> IN THE <u>LEGAL-MANNER</u>.

**~51** FOR THIS <u>GOLD-CERTIFICATE</u> OF THIS <u>**CASH-LIS-PENDENS-CLAIM**</u> **IS** WITH THIS <u>**CASH-GOLD-CERTIFICATE-VALUE-LIEN-CLAIM**</u> OF THIS <u>**D.-C.-F.-P.-S.-C.-V.-CORPORATION-CASE-NUMBERS-~RE015219044US**</u>, WITH THE <u>FINANCIAL-SECURITY-HOLDING-CLAIM</u> OF THE <u>**GUARDIAN-TRUSTEE-LOCATION-~3489-~LAURA-RIDGE-~ROAD,-~SMYRNA,-~TENNESSEE-~37167**</u>, WITHIN THIS <u>NOW-TIME-DATE</u> OF THE <u>**C.-S.-S.-C.-P.-S.-G.-WRIT OF THE FAULT-DOCUMENT-CONTRACT-CLAIM**</u> BY THE <u>Rhonda: Tallent &amp; :Carroll: Davis</u>.

**~52** FOR THE <u>**Rhonda: Tallent's &amp; :Carroll: Davis's**</u>-CONTRACT AS THE <u>GOLD-CERTIFICATE-HOLDER</u> **IS** WITH THE <u>GOLD-CERTIFICATE-CLAIM</u> OF AN AUTHORIZATION WITH AN <u>AUTOGRAPH-FAULT-DOCUMENT-CONTRACT-CLAIM-VENUE</u> BY THE <u>**D.-C.-F.-P.-S.-C.-V.-CLAIMANT**</u> WITH AN AUTHORITY AS THE <u>D.-C.-F.-P.-S.-C.-V.-JUDGE</u> WITH THE <u>NOW-TIME-DATE</u> OF THE <u>CASH-VALUE-CLAIM</u> &amp;: LESS THE LOAN-BALANCE-DUE OF THE <u>RENT-DUTY-CASH-VALUES-'MORTGAGE'</u>.

**~53** FOR THE <u>CLAIMANT'S-GUARDIAN-CARETAKER-TRUSTEE</u> OF AN OATH **ARE** WITH THE <u>**C.-S.-S.-C.-P.-S.-G.**</u>-CLAIM BY THE CLAIMANT.

**~54** FOR THE <u>FRAUDULENT-USE</u> OF THE <u>PARSE-SYNTAX-GRAMMAR-WORD-MODIFICATIONS</u> **ARE** WITH THE <u>DAMAGE-CLAIMS</u> OF THE FACTS AS THE <u>GERUND-VERBS, PRONOUNS OR: ADJECTIVES</u> WITH THE PERJURY OF AN OATH WITH THE <u>SAFE-GUARDING</u> OF THE CLAIMANT.

**~55** FOR THE <u>**Rhonda: Tallent's &amp; :Carroll: Davis's**</u>-KNOWLEDGE OF THE <u>**FAULT-DOCUMENT-CONTRACT-CLAIM**</u> **ARE** WITH THE <u>CASH-DAMAGE-CLAIM</u> OF THE LOSS WITH THE <u>CARETAKER-GUARDIAN-TRUSTEE-WAGES</u>: **$1,207,676.00**, WITH THE <u>FOUR-TIMES-DOWN-PAYMENT-CASH</u>, WITH THE <u>TOTAL-MONIES-DUE-CLAIMANT</u> FOR THE <u>HOUSE AND: LAND-ADDRESS-~3489-~LAURA-RIDGE-~ROAD,-~SMYRNA,-~TENNESSEE-~37167</u>, WITH THE <u>TIME-DATE-~13-~JULY-~2007</u>, THROUGH THE <u>NOW-TIME</u> WITH THE <u>CASH-PAYMENT</u> OF THE <u>MINIMUM-CARETAKERS-GUARDIAN-TRUSTEES-WAGES</u> WITH EVERY <u>DAY-(24-HOUR)</u> OF THE <u>CARETAKERS-GUARDIAN-TRUSTEES-WAGES</u> WITH THE <u>**TENNESSEE**-STATE-LABOR-RATE</u> OF THIS <u>FILE-STAMP</u> WITH THE <u>LOAN-SERVICE-CORPORATION-FINANCIAL-COMPANY-VASSALEES-BANK-FRAUD-CONFESSIONS</u>.

**~56** FOR THIS <u>LIS-PENDENS-LIEN</u> OF THE HEREIN-WAGES **IS** WITH THE <u>CASH-VALUE-CARETAKER-GUARDIAN-TRUSTEE'S-CLAIM</u> BY A <u>CERTIFICATE-HOLDER'S-NOW-TIME-FILE-STAMP-DATE-~2014</u>.

**~57** FOR THE FACTS ON THE <u>FILE-STAMP-NOW-TIME-DATE</u> **ARE** WITH THE <u>AUTHORIZATION-CLAIMS</u> OF THE CLAIMANT WITH THE <u>C.-S.-S.-C.-P.-S.-G.</u>-TRANSFER OF THE <u>LAND and: BUILDING-CASH-VALUE</u> WITH THE <u>GOLD-CERTIFICATE-LIS-PENDENS-LIEN-VALUES</u> OF THIS <u>DOCUMENT-CONTRACT-LOCATION-~3489-~LAURA-RIDGE-~ROAD,-~SMYRNA,-~TENNESSEE-~37167</u>.

**~58** FOR THE <u>**Rhonda: Tallent's &amp; :Carroll: Davis's**</u>-GOLD-VALUE-CASH-CERTIFICATE OF THIS FAULT-CONTRACT-CLAIMS **ARE** WITH THE <u>COMMUNICATIONS-PARSE-SYNTAX-GRAMMAR</u> OF THE <u>**TITLE-~42: D.-C.-C.-S.-~1986**</u> WITH THE <u>**C.-S.-S.-C.-P.-S.-G.-WRIT**</u> BY THE <u>**FAULT-DOCUMENT-CONTRACT-CLAIM-RULE-~55**</u>.

**~59** FOR THE <u>**C.-S.-S.-C.-P.-S.-G.-WRIT OF THIS POSSESSION' WITH THE LAND AND: BUILDING-SALVAGE-CLAIM: TITLE-~46: D.-C.-C.-S.-~781**</u> **ARE** WITH THIS <u>**C.-S.-S.-C.-P.-S.-G.**</u>-NATIVE-AUTHORITY-VENUE-CLAIM BY THE <u>**D.-C.-F.-P.-S.-C.-V.**</u>

**~60** FOR THE <u>CLAIMANT'S-KNOWLEDGE</u> OF THE <u>CLOSURE-CLAUSES</u>: <u>**CONTRACT-CLAIMS-~26-~e**</u>: CLOSURE-PORTING OF THE <u>D.-C.-C.-~60-~b</u>: COVERY-EVIDENCE-FACTS **ARE** WITH AN AUTHORITY OF THE <u>**TITLE-~42: D.-C.-C.-S.-~1986**</u> WITH THE KNOWLEDGE OF THE <u>**C.-S.-S.-C.-P.-S.-G.**</u> WITH THE <u>DAMAGE-CLAIM</u> BY THE <u>FRAUDULENT-PARSE-SYNTAX-GRAMMAR</u>.

**~61** FOR THE <u>CLAIMANT'S-KNOWLEDGE</u> OF THIS <u>GOLD-CERTIFICATE-CASH</u> **IS** WITH THIS CLAIM OF THE <u>CASH-VALUE</u> WITH THE <u>TIME-STAMP-CLAIM</u> OF THIS MEASURMENT-VALUE WITH THE <u>TROY-OUNCE-.999-FINE-GOLD-COIN</u> AT THE <u>FILE-STAMP-NOW-TIME-RATE-PER-TROY-OUNCE</u> WITH THE <u>MERCANTILE-GOLD-COMMODITIES</u> OF THIS <u>CLAIMS-PAYMENT</u> WITH THE <u>REAL-LAND AND BUILDING</u> OF THE <u>CLAIMANT'S-GUARDIAN-CARETAKER-TRUSTEE-WORKING-WAGES</u>.  .

**~62** FOR THE <u>**D.-C.-F.-P.-S.-C.-V.**</u> OF THE <u>**TENNESSEE**-TERRITORY</u> **ARE** WITH THE <u>DOCUMENT-CONTRACT-QUO-WARRANTO-COMPLAINT, LIS-PENDENS-DOCUMENT</u> &amp;: WRIT OF THE FAULT- <u>**D.-C.-F.-P.-S.-C.-V.**-CORPORATION-CASE-NUMBER~RE015219044US</u>.

**~63** FOR THE <u>**QUO-WARRANTO-COMPLAINT** &amp;: **LIS-PENDENS**</u> OF THE <u>FOURTY-EIGHT-DAYS-GRACE-TIME</u> **ARE** WITH THE <u>FAULT-DOCUMENT-CONTRACT-CLAIM</u> OF THE <u>**D.-C.-F.-P.-S.-C.-V.**-CORPORATION-CASE-NUMBER~RE015219044US</u>, VERSUS THE <u>STATE-COURT-DOCKET-NUMBER</u>.

**~64** FOR THE <u>LIS-PENDENS</u> OF THE <u>'WRIT OF THE FAULT-DOCUMENT-CONTRACT-CLAIM'-~RULE-~55</u> **ARE** WITH THE <u>CLAIMANT'S-EVIDENCE-CLAIMS</u> OF THE <u>BONDED-EVIDENCE-FACTS-SUMMARY-CORRECTION-AUTHORITY</u>: <u>**TITLE-~42: D.-C.-C.-S.-~1986**</u> BY THE <u>VASSALEES'-GRAMMAR</u>.

**~65** FOR THE BREACH OF THE <u>CERTIFICATION-CORPORATION-CASE-NUMBER-~RE015219044US</u> **ARE** WITH THE BREACHES OF THE <u>**TITLE-~29: D.-C.-C.-S.-~701**</u>, WITH THE POLICY OF A <u>MATCHING-PARSE-SYNTAX-GRAMMAR-DUTY-CONTRACT</u> WITHIN THE <u>**D.-C.-F.-P.-S.-C.-V.**</u> WITH THE <u>**TITLE-~42: D.-C.-C.-S.-~1986**</u> BY THE <u>CLAIMANTS-C.-S.-S.-C.-P.-S.-G.-CORRECTION</u>.

**~66** FOR THE <u>CLAIMANT</u> AS THE WHISTLEBLOWER **IS** WITH THE <u>DUTY-CLAIM</u> VERSUS THE <u>**TITLE-~29: D.-C.-C.-S.-~701**</u> WITH THE <u>HANDICAPPING-COMMUNICATION-FRAUDS</u> OF THE <u>HANDICAPPING-CLAIMANT</u> WITH THE <u>FRAUDULENT-PARSE-SYNTAX-GRAMMAR-'MORTGAGE'-WRITING</u> BY THE <u>'DISABILITIES-ACT-VIOLATION-CLAIM'</u> WITH THE <u>CONTEMPT, BIAS, CONTRACT-TREASON AND/OR: RAPE</u> BY THE <u>FORCE or: THREATENING</u> WITH THE <u>FRAUDULENT-GRAMMAR-COURT-VIEW or: FORCE-JOINING</u> BY THE <u>VASSALEES-EVIDENCE</u>.

**~67** FOR THE <u>PARSE-SYNTAX-GRAMMAR-COMMUNICATION-FRAUD-EVIDENCE</u> OF THE <u>'MORTGAGE'-DOCUMENT</u> **IS** WITH THE <u>PERJURY, BANK-FRAUD and: MONEY-THEFT</u> BY THE <u>FRAUDULENT-'MORTGAGE'</u> WITH THE <u>CASH-DAMAGE-CLAIM</u> OF THE <u>**TITLE-~15: D.-C.-C.-S.-1692-~e**</u> BY THE <u>FRAUD AND: MISLEADING-STATEMENT-DAMAGES</u>: <u>**TITLE-~15: D.-C.-C.-S.-~78-~ff**</u> WITH THE <u>CRIMINAL-PENALTY[$25-MILLION-DOLLARS]</u> BY AN <u>ATTORNEY-GENERAL-C.-S.-S.-C.-P.-S.-G.</u>-FALSE-CLAIMS-PERFORMANCE-SANCTIONS VERSUS THE VASSALEES WITH THE COVERY OF THE <u>CLAIMANT'S-WAGES AND: CASH-CLAIM-DUE</u>: **$1,207,676.00** WITH THE WAGES AND: LOSS BY THE <u>GUARDIANS-TRUSTEES-WAGES-PAYABLE</u> FOR THE <u>**Rhonda: Tallent &amp; :Carroll: Davis**</u> WITH THIS <u>**D.-C.-F.-P.-S.-C.-V.**-FAULT-DOCUMENT-CONTRACT-CLAIM-RULE-~55</u>.

**~68** FOR THE <u>CLAIMANT'S-KNOWLEDGE</u> OF THE <u>FRAUDULENT-COMMUNICATION</u> **IS** WITH THE <u>DAMAGE-CLAIMS</u> OF THE <u>TITLE-COMPANY'S-CLOSING-ATTORNEY</u> WITH THE KNOWLEDGE OF THE **<u>C.-S.-S.-S.-C.-P.-S.-G.</u>**-SKILLS BY THE <u>FRAUDULENT-PARSE-SYNTAX-GRAMMAR-</u>'MORTGAGE'-DOCUMENTS.

**~69** FOR THE <u>TITLE-~18: D.-C.-C.-S.-~641</u>, WITH THE TAKING/STEALING OF THE <u>GOVERNMENT-PAYROLL-WAGE-MONEY</u> WITH THE <u>BOXING-VOID-WORD-VACATING</u>, <u>ITALIC-WORD-VACATING, FALSE-DOCUMENT-FILING</u> BY THE <u>FRAUDULENT-GRAMMAR-'MORTGAGE'-DOCUMENTS</u> BY THE BANK.

**~70** FOR THE <u>WORD-PATTERNS</u> OF THE <u>WORD-TERMS</u> **ARE** WITH THE <u>DAMAGE-CLAIMS</u> OF THE <u>100%-WORD-ERRORS</u> and: <u>WRONG-WORD-PARSE-SYNTAX-GRAMMAR-MEANINGS</u> WITH THE <u>SENTENCE-STRUCTURING</u> BY THE <u>VASSALEE'S-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DOCUMENTS</u>.

**~71** FOR THE **<u>CLAIMANT'S-AUTOGRAPH</u>** ON THE **<u>FEDERAL-POSTAL-STAMP-$1.00</u> IS** WITH THE <u>THREE-DAY-RESCISSION-ACT-CLAIM: TITLE-~15: D.-C.-C.-S.-~1635-~A</u>: WITH AN AUTOGRAPH ON THE <u>FIRST-PAGE-TOP-BACK</u> WITH THE <u>WRIT OF THE FAULT-DOCUMENT-CONTRACT-CLAIM</u> WITH THE **<u>D.-C.-F.-P.-S.-C.-V.</u>**-FILE-STAMP AND: <u>FORTY-FIVE-DAYS-FEDERAL-MARITIME-POSTAL-VESSEL-TRUST-LAW</u> AND: <u>THREE-DAY-PULL-BACK-PERFORMANCE:</u> **TITLE-~15: D.-C.-C.-S.-~1635-~A**: CLAIM OF THE **<u>C.-S.-S.-C.-P.-S.-G</u>**-WRIT OF THE <u>FAULT-DOCUMENT-CONTRACT-SUMMARY-CLAIM-RULE-FIFTY-SIX</u>(56) BY THIS <u>QUO-WARRANTO-COMPLAINT</u>.

**~72** FOR THE '<u>UNITED STATES OF THE AMERICA-CORPORATION'S-POLICY, CUSTOM &: USAGE OF THE FRAUD-GRAMMAR-PRACTICE</u> **ARE** WITH THE <u>DAMAGE-CLAIMS</u> VERSUS THE VASSALEE: **<u>M&T BANK</u>** WITH THE DAMAGES: **TITLE-~42: D.-C.-C.-S.-~1983**, <u>AT THE NOTE-349: POLICY-CUSTOM &: USAGE</u> BY THE "<u>UNITED STATES OF THE AMERICA-CORPORATION</u>".

**~73** FOR THE **<u>UNITED STATES CORPORATION TREASURY-MONEY</u>** OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-USAGE **IS** WITH THE <u>DAMAGE-CLAIM</u> OF THE <u>FAILURE-TRAINING-EDUCATION</u> WITH THE <u>PARSE-SYNTAX-GRAMMAR</u> BY THE <u>MONEY-HANDLING-AUTHORITY-AGENTS</u> WITH THE <u>FIRST-DAMAGE-TIME-LINE</u> BY THE <u>FRAUD-MONEY-TRAIL-SERVICING-BANK-"MORTGAGE-LANGUAGE &: DEED OF TRUST"-SYNTAX-GRAMMAR</u>.

**~74** FOR THE <u>VASSALEES-FAILURE</u> OF THE **<u>C.-S.-S.-C.-P.-S.-G.</u>**-CORRESPONDENCE WITH THE PROOF OF A <u>LAND-TITLE</u> **IS** WITH THE **<u>QUIET-TITLE-CLAIM</u>** OF THE <u>POSSESSIVE-PERFORMANCE-DUTIES</u> WITH THIS <u>CURRENT-LIVE-LIFE-CLAIMANT</u> BY THIS <u>QUO-WARRANTO-COMPLAINT</u> &: C.-S.-S.-C.-P.-S.-G-WRIT OF THE FAULT-DOCUMENT-CONTRACT-CLAIM BY THIS **Rhonda: Tallent & :Carroll: Davis**.


<u>:Rhonda: Tallent</u>. **~3-~JUNE-~2014**.                                  <u>:Rhonda: Tallent</u>.


<u>:Carroll: Davis</u>. **~3-~JUNE-~2014**.                                  <u>:Carroll: Davis</u>.


<u>:**FEDERAL-POSTAL-COURT-CLERK**: Leighton-Lionell: Ward</u>. **~3-~JUNE-~2014**.      **:FEDERAL-POSTAL-COURT-CLERK**: Leighton-Lionell: Ward.

: Leighton-Lionell: Ward.

<u>:**CC**: FEDERAL-JUSTICE-DEPARTMENT,-~CIVIL-DIVISION-TORT-BRANCH-CLAIMS-STAFF,~PO-BOX-~888,-~BENJAMIN-FRANKLIN-STATION,-~WASHINGTON-DC,-~20044  "WHISTLEBLOWER"</u>

<u>:Eric: Holder, :FEDERAL-DEPARTMENT OF THE JUSTICE,-~950-~PENNSYVLANIA-~AVENUE, -~NW, -~WASHINGTON-DC,-~20530-0001 "WHISTLEBLOWER"</u>

<u>:CONSUMER-FINANCIAL-PROTECTION-BUREAU,-~PO-BOX-4503,-~IOWA-CITY,-~IOWA,~52244  "WHISTLEBLOWER"</u>

<u>:SECURITIES AND EXCHANGE OFFICE, :WHISTLEBLOWER,-~100-~"F"~STREET,-~NE,-~MAIL-STOP,-~5971, ~WASHINGTON-DC-~20549</u>

<u>:POSTAL-INSPECTOR: CRIMINAL-INVESTIGATION-SERVICE-CENTER, :WHISTLEBLOWER,</u>

<u>ATTN: MAIL-FRAUD-~3255-~WEST-~HARRISON-STREET,-~CHICAGO,-~ILLINOIS-~60699-3255</u>

<u>:COMMITTEE-ON-OVERSIGHT-AND-GOVERNMENT-REFORM: ~2157-~RAYBURN-HOUSE-OFFICE-BUILDING,-~WASHINGTON-DC-~20515</u>

:PAGES~1 &~2 WITH THE CONSOLIDATION-FACTS BY THE PAPER SAVINGS.
:WORD-SYNTAX-KEY: "0=CONJUNCTION (AND/OR), "1=ADVERB, "2=VERB, "3=ADJECTIVE, "4=PRONOUN, "5=POSITION, "6=LODIAL, "7=FACT, "8=PAST-TIME, "9=FUTURE-TIME, "DPV=DANGLING-PARTICIPLE-VERB, "VC=VOID-CONTINUANCE: 2-SPACE-SYNTAX-RULE, "NC=NO-CONTRACT-WORD-MEANING. "VOID=STYLES-PARENTHESIS-SYNTAX OR :STYLES-ITALICS-SYNTAX OR :STYLES-QUOTATIONS-SYNTAX OR :STYLES-BRACKETS-SYNTAX OR :STYLES-BOXING-SYNTAX.

# DEED OF TRUST

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** "Security Instrument" means this document, which is dated ~13--JULY--2007.
together with all Riders to this document.

**(B)** BORROWER'S-NAME: Rhonda: Tallent & :Carroll: Davis.

:BORROWER'S-LAND-LOCATION:

Borrower is the trustor under this Security Instrument.

**(C)** :LENDER'S-NAME: COUNTRYWIDE BAND

:LENDER'S-LAND-LOCATION: ~1199--NORTH--FAIRFAX--STREET--SUITE--500,--ALEXANDRIA,--VIRGINIA,--22314.

Lender is a   FEDERAL SAVINGS BANK
organized and existing under the laws of   THE UNITED STATES OF AMERICA

Lender is the beneficiary under this Security Instrument.

**(D)** :TRUSTEE'S-NAME: ROBERT: WILSON

:TRUSTEE'S-LAND-LOCATION:

**(E)** "Note" means the promissory note signed by Borrower and dated ~13--JULY--2007.

The Note states that Borrower owes Lender plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than

**(F)** "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

**(G)** "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(H)** "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower (check box as applicable):

☐ Adjustable Rate Rider   ☐ Condominium Rider   ☐ Second Home Rider
☐ Balloon Rider   ☐ Planned Unit Development Rider   ☐ Other(s) [specify]
☐ 1-4 Family Rider   ☐ Biweekly Payment Rider

**(I)** "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(J)** "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(K)** "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(L)** "Escrow Items" means those items that are described in Section 3.

**(M)** "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(N)** "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(O)** "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(P)** "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and

:WORD-SYNTAX-KEY:~0=CONJUNCTION (AND/OR), ~1=ADVERB, ~2=VERB, ~3=ADJECTIVE, ~4=PRONOUN, ~5=POSITION, ~6=LODIAL, ~7=FACT, ~8=PAST-TIME, ~9=FUTURE-TIME, ~DPV=DANGLING-PARTICIPLE-VERB, ~VC=VOID-CONTINUANCE: 2-SPACE-SYNTAX-RULE, ~NC=:NO-CONTRACT-WORD-MEANING. ~VOID=:STYLES-PARENTHESIS-SYNTAX OR :STYLES-ITALICS-SYNTAX OR :STYLES-QUOTATIONS-SYNTAX OR :STYLES-BRACKETS-SYNTAX OR :STYLES-BOXING-SYNTAX.

restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

THE LEGAL DESCRIPTION IS ATTACHED HERETO AS A SEPARATE EXHIBIT AND IS MADE A PART HEREOF.

~3489-~LAURA-RIDGE-~ROAD,-~SMYRNA,-~TENNESSEE-~37167.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the

~2

:WORD-SYNTAX-KEY: ~0=CONJUNCTION (AND/OR), ~1=ADVERB, ~2=VERB, ~3=ADJECTIVE, ~4=PRONOUN, ~5=POSITION, ~6=LODIAL, ~7=FACT, ~8=PAST-TIME, ~9=FUTURE-TIME, ~DPV=DANGLING-PARTICIPLE-VERB, ~VC=VOID-CONTINUANCE: 2-SPACE-SYNTAX-RULE, ~NC=NO-CONTRACT-WORD-MEANING. ~VOID=:STYLES-PARENTHESIS-SYNTAX OR :STYLES-ITALICS-SYNTAX OR :STYLES-QUOTATIONS-SYNTAX OR :STYLES-BRACKETS-SYNTAX OR :STYLES-BOXING-SYNTAX

Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the

~3

:WORD-SYNTAX-KEY: ~0=CONJUNCTION (AND/OR), ~1=ADVERB, ~2=VERB, ~3=ADJECTIVE, ~4=PRONOUN, ~5=POSITION, ~6=LODIAL, ~7=FACT, ~8=PAST-TIME, ~9=FUTURE-TIME, ~DPV=DANGLING-PARTICIPLE-VERB, ~VC=:VOID-CONTINUANCE: 2-SPACE-SYNTAX-RULE, ~NC=:NO-CONTRACT-WORD-MEANING, ~VOID=:STYLES-PARENTHESIS-SYNTAX OR :STYLES-ITALICS-SYNTAX OR :STYLES-QUOTATIONS-SYNTAX OR :STYLES-BRACKETS-SYNTAX OR :STYLES-BOXING-SYNTAX.

term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

~4

:WORD-SYNTAX-KEY: ~0=CONJUNCTION (AND/OR), ~1=ADVERB, ~2=VERB, ~3=ADJECTIVE, ~4=PRONOUN, ~5=POSITION, ~6=LODIAL, ~7=FACT, ~8=PAST-TIME, ~9=FUTURE-TIME, ~DPV=:DANGLING-PARTICIPLE-VERB, ~VC=:VOID-CONTINUANCE: 2-SPACE-SYNTAX-RULE, ~NC=:NO-CONTRACT-WORD-MEANING. ~VOID=:STYLES-PARENTHESIS-SYNTAX OR :STYLES-ITALICS-SYNTAX OR :STYLES-QUOTATIONS-SYNTAX OR :STYLES-BRACKETS-SYNTAX OR :STYLES-BOXING-SYNTAX.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

~5

:WORD-SYNTAX-KEY: ^0=CONJUNCTION (AND/OR), ~1=ADVERB, ~2=VERB, ~3=ADJECTIVE, ~4=PRONOUN, ~5=POSITION, ~6=LODIAL, ~7=FACT, ~8=PAST-TIME, ~9=FUTURE-TIME, ~DPV=DANGLING-PARTICIPLE-VERB, ~VC=VOID-CONTINUANCE: 2-SPACE-SYNTAX-RULE, ~NC=NO-CONTRACT-WORD-MEANING. ~VOID:=STYLES-PARENTHESIS-SYNTAX OR :STYLES-ITALICS-SYNTAX OR :STYLES-QUOTATIONS-SYNTAX OR :STYLES-BRACKETS-SYNTAX OR :STYLES-BOXING-SYNTAX.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

~6

:WORD-SYNTAX-KEY: ^0=CONJUNCTION (AND/OR), ^1=ADVERB, ^2=VERB, ^3=ADJECTIVE, ^4=PRONOUN, ^5=POSITION, ^6=LODIAL, ^7=FACT, ^8=PAST-TIME, ^9=FUTURE-TIME, ^DPV=DANGLING-PARTICIPLE-VERB, ^VC=VOID-CONTINUANCE: 2-SPACE-SYNTAX-RULE, ^NC=NO-CONTRACT-WORD-MEANING, ^VOID=STYLES-PARENTHESIS-SYNTAX OR :STYLES-ITALICS-SYNTAX OR :STYLES-QUOTATIONS-SYNTAX OR :STYLES-BRACKETS-SYNTAX OR :STYLES-BOXING-SYNTAX.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

~7

:WORD-SYNTAX-KEY: ~0=CONJUNCTION (AND/OR), ~1=ADVERB, ~2=VERB, ~3=ADJECTIVE, ~4=PRONOUN, ~5=POSITION, ~6=LODIAL, ~7=FACT, ~8=PAST-TIME, ~9=FUTURE-TIME, ~DPV=DANGLING-PARTICIPLE-VERB, ~VC=VOID-CONTINUANCE: 2-SPACE-SYNTAX-RULE, ~NC=:NO-CONTRACT-WORD-MEANING, ~VOID=:STYLES-PARENTHESIS-SYNTAX OR :STYLES-ITALICS-SYNTAX OR :STYLES-QUOTATIONS-SYNTAX OR :STYLES-BRACKETS-SYNTAX OR :STYLES-BOXING-SYNTAX

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or

~8

:WORD-SYNTAX-KEY: ~0=CONJUNCTION (AND/OR), ~1=ADVERB, ~2=VERB, ~3=ADJECTIVE, ~4=PRONOUN, ~5=POSITION, ~6=LODIAL, ~7=FACT, ~8=PAST-TIME, ~9=FUTURE-TIME, ~DPV=:DANGLING-PARTICIPLE-VERB, ~VC=:VOID-CONTINUANCE: 2-SPACE-SYNTAX-RULE, ~NC=:NO-CONTRACT-WORD-MEANING. ~VOID=:STYLES-PARENTHESIS-SYNTAX OR :STYLES-ITALICS-SYNTAX OR :STYLES-QUOTATIONS-SYNTAX OR :STYLES-BRACKETS-SYNTAX OR :STYLES-BOXING-SYNTAX.

loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. Loan Charges. Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to

:WORD-SYNTAX-KEY: ~0=CONJUNCTION (AND/OR), ~1=ADVERB, ~2=VERB, ~3=ADJECTIVE, ~4=PRONOUN, ~5=POSITION, ~6=LODIAL, ~7=FACT, ~8=PAST-TIME, ~9=FUTURE-TIME, ~DPV=:DANGLING-PARTICIPLE-VERB, ~VC=:VOID-CONTINUANCE: 2-SPACE-SYNTAX-RULE, ~NC=:NO-CONTRACT-WORD-MEANING. ~VOID=:STYLES-PARENTHESIS-SYNTAX OR :STYLES-ITALICS-SYNTAX OR :STYLES-QUOTATIONS-SYNTAX OR :STYLES-BRACKETS-SYNTAX OR :STYLES-BOXING-SYNTAX.

make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred

~10

:WORD-SYNTAX-KEY: ~0=CONJUNCTION (AND/OR), ~1=ADVERB, ~2=VERB, ~3=ADJECTIVE, ~4=PRONOUN, ~5=POSITION, ~6=LODIAL, ~7=FACT, ~8=PAST-TIME, ~9=FUTURE-TIME, ~DPV=DANGLING-PARTICIPLE-VERB, ~VC=VOID-CONTINUANCE: 2-SPACE-SYNTAX-RULE, ~NC=NO-CONTRACT-WORD-MEANING. ~VOID=:STYLES-PARENTHESIS-SYNTAX OR :STYLES-ITALICS-SYNTAX OR :STYLES-QUOTATIONS-SYNTAX OR :STYLES-BRACKETS-SYNTAX OR :STYLES-BOXING-SYNTAX.

in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual

:WORD-SYNTAX-KEY: ~0=CONJUNCTION (AND/OR), ~1=ADVERB, ~2=VERB, ~3=ADJECTIVE, ~4=PRONOUN, ~5=POSITION, ~6=LODIAL, ~7=FACT, ~8=PAST-TIME, ~9=FUTURE-TIME, ~DPV=DANGLING-PARTICIPLE-VERB, ~VC=VOID-CONTINUANCE: 2-SPACE-SYNTAX-RULE, ~NC=NO-CONTRACT-WORD-MEANING. ~VOID=:STYLES-PARENTHESIS-SYNTAX OR :STYLES-ITALICS-SYNTAX OR :STYLES-QUOTATIONS-SYNTAX OR :STYLES-BRACKETS-SYNTAX OR :STYLES-BOXING-SYNTAX.

knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use, or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee.

:WORD-SYNTAX-KEY: ~0=CONJUNCTION (AND/OR), ~1=ADVERB, ~2=VERB, ~3=ADJECTIVE, ~4=PRONOUN, ~5=POSITION, ~6=LODIAL, ~7=FACT, ~8=PAST-TIME, ~9=FUTURE-TIME, ~DPV=DANGLING-PARTICIPLE-VERB, ~VC=VOID-CONTINUANCE: 2-SPACE-SYNTAX-RULE, ~NC=:NO-CONTRACT-WORD-MEANING. ~VOID=:STYLES-PARENTHESIS-SYNTAX OR :STYLES-ITALICS-SYNTAX OR :STYLES-QUOTATIONS-SYNTAX OR :STYLES-BRACKETS-SYNTAX OR :STYLES-BOXING-SYNTAX.

Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. Statement of Obligation Fee. Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

~13